THE FIRST NATIONAL BANK OF PEORIA            |434:36 LRA345n|

*v.*

ROBERT L. RHEA *et al.*

*Filed at Ottawa April 1, 1895.*

1. FRAUD—*conveyance in consideration of indebtedness not a fraud upon creditors.* A conveyance from a son to his mother, whether intended merely as a mortgage to secure an indebtedness due her from him, or as an absolute conveyance, is not void as to creditors, when such indebtedness was the moving consideration, and the transaction was not prompted by the motive of defrauding such creditors.

2. APPEALS AND ERRORS—*party cannot complain that the relief exceeds his prayer.* A party cannot be heard, on appeal, to complain of a decree because it grants relief not sought by his bill.

3. HOMESTEAD—*should be set off upon cancellation of fraudulent deed.* A grantor in a conveyance fraudulent as to creditors is entitled to his right of homestead upon such conveyance being set aside. *Quinn* v. *People*, 146 Ill. 275, followed.

*First Nat. Bank of Peoria* v. *Rhea*, 53 Ill. App. 511, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. THOMAS M. SHAW, Judge, presiding.

This was a bill by appellant, as a judgment creditor of Robert L. Rhea, against appellees, to set aside certain alleged fraudulent conveyances, in aid of an execution upon its judgment. It appears from the bill that prior to December 26, 1889, Robert L. Rhea owned the property in question, and on that day conveyed it to his mother, Phœbe Rhea, by warranty deed, and that afterwards the mother conveyed it to Glenora B. Rhea, wife of Robert L. Rhea, both of which conveyances are alleged to have been made without consideration, for the purpose and with the intention of defrauding complainant. The judgment against Robert L. was not obtained until October 5, 1892, but, as is alleged, after the indebtedness for which it was rendered was contracted. The defendants answered severally, but their answers are substantially the same. They admit the conveyances as stated in the bill, but deny that either of them was made after the indebtedness for which complainant's judgment was obtained accrued, and deny that either was made with the intent to defraud complainant or hinder or delay it in the collection of its debt, or without consideration.

The cause was referred to the master to take the evidence and report the same to the court, with his conclusions, and he accordingly reported the following findings: "The master finds that the firm of Rhea & Co., about the

month of July, 1886, became indebted to complainant in about the sum of $3800, and became indebted to Phœbe Rhea in about the sum of $900, which defendant R. L. Rhea personally assumed and agreed to pay; that the indebtedness due complainant was renewed from time to time, until October 5, 1892, when complainant recovered judgment in this court upon said firm indebtedness, against defendant R. L. Rhea, for the sum of $2294.69 and costs of suit; that execution issued on said judgment October 8, 1892, and was returned January 10, 1893, by the sheriff of Peoria county, 'no property found;' that on December 26, 1889, defendant R. L. Rhea, and Glenora B. Rhea, his wife, conveyed to defendant Phœbe Rhea, by warranty deed, subject to all incumbrances, and for the express consideration of $7200, the premises described in complainant's bill; that said premises were then, and are now, the homestead of said R. L. Rhea, and were then encumbered by mortgage for the sum of $5986.70; that there is no agreement shown to have been made between said R. L. and Phœbe Rhea at the time or prior to the making of said conveyance to Phœbe Rhea, other than appears from the deed itself ; that said deed to Phœbe Rhea was a voluntary conveyance, on the part of said R. L. Rhea and wife, of the title to said premises to said grantee in consideration of said indebtedness to her and as security therefor, and said premises were on November 6, 1890, conveyed to Phœbe Rhea and husband, by warranty deed, for the expressed consideration of $7200 to defendant Glenora B. Rhea; that Elias B. Rhea died leaving no estate, and that defendant R. L. Rhea has no property other than the premises before mentioned; that the amount of the mortgage indebtedness (including the sum due to Phœbe Rhea) was largely the value of the said premises at the date of said conveyance to said Phœbe Rhea, and that defendant R. L. Rhea's equity therein was of less value than his exemptions under the laws relating to homesteads; that said con-

veyance was not made with intent to defraud or to hinder or delay complainant in the collection of its debt; that complainant was not injured or deprived of any substantial rights, or delayed in the collection of its debt, by reason of said conveyance. The master finds that defendants were guilty of no fraud, actual or constructive, in making said conveyances; that the equities of this cause are with the defendants, and that complainant's bill should be dismissed for want of equity."

The court sustained complainant's exceptions to this report, in so far as it found there was no constructive fraud in the conveyances complained of, and in so far as it found complainant was not entitled to the relief asked in its bill of complaint, but approved the same in all other respects. It then made the following findings and decree:

"The court finds that Robert L. Rhea was indebted to Phœbe Rhea in the sum of $900, and that to secure such indebtedness he conveyed, by warranty deed absolute, the premises described in the bill of complainant, which conveyance the court finds to be a mortgage, in equity, and constructively fraudulent as against complainant, and that said conveyance does, in effect, hinder and delay complainant in the collection of its debt against Robert L. Rhea. The court further finds that the conveyance from Phœbe Rhea and husband to Glenora B. Rhea was made without any consideration, and delays complainant in the collection of its debt. The court further finds that the said Phœbe Rhea still has an equitable lien upon said premises for the amount of nine hundred (900) dollars, with six per cent interest thereon from December 26, 1889, and that the said Robert L. Rhea still has a homestead in and to the said property. All of the other exceptions to the master's report are overruled. It is decreed that the conveyance from the defendant Robert L. Rhea and wife to Phœbe Rhea be set aside, vacated and declared null and void and of no effect what-

ever as against complainant, except as a mortgage to secure $900, with six per cent interest from December 26, 1889, and to that extent it is prior to the rights of complainant; that the right of homestead of the said Robert L. Rhea shall be treated and sold as other premises in which the execution debtor has right of homestead, and that the said sale shall be made subject to the rights, interest and equities of the parties to this proceeding, as herein declared."

Complainant appealed, and the Appellate Court has affirmed the decree of the circuit court.

ARTHUR KEITHLEY, for appellant:

If a person taking a deed for security comes into court claiming in his answer that the title is in him absolutely, that act is, of itself, such a fraud as to require the court to set aside the conveyance as fraudulent. *Thompson* v. *Pennell*, 67 Me. 159; *Barker* v. *French*, 18 Vt. 460; *Beidler* v. *Crane*, 135 Ill. 92.

Besides, a deed from a debtor to his creditor is voluntary, and not founded on a sufficient consideration if it is given for a pre-existing debt, which was afterwards treated by the parties as still due. *Starr* v. *Starr*, 1 Ohio, 321; *Oliver* v. *Moore*, 23 Ohio St. 479.

If the deed were not a security, the fact that he retained possession of the property after his deed to his mother, without paying any rent therefor, is a fraud. *Lukens* v. *Aird*, 6 Wall. 78; *Sims* v. *Gaines*, 64 Ala. 398.

Where a judgment creditor brings a bill in equity to set aside a conveyance of certain realty of the debtor, on the ground of its having been made in fraud of his rights, if the debtor would set up a right of homestead in the premises he must do it in that suit. *Miller* v. *Sherry*, 2 Wall. 237; *Wright* v. *Dunning*, 46 Ill. 271; *Kernan* v. *Moore*, 33 Ill. App. 229; *Leupold* v. *Kraus*, 95 Ill. 444; *Lee* v. *Kingsbury*, 13 Texas, 70; *Larson* v. *Reynolds*, 13 Iowa, 582; *Rector* v. *Rotton*, 3 Neb. 178; *Sears* v. *Hanks*, 14 Ohio St. 298.

Page & Puterbaugh, for appellees :

If it appears that there was any valuable consideration for either of the conveyances, no matter how small, and only constructive fraud is shown, appellant can have no relief in this case except through an amendment of its pleadings, and an offer on its part to satisfy any equitable claims held by any of the parties in interest. *Tunison* v. *Chamblin*, 88 Ill. 389.

If the grantee has no knowledge of fraudulent circumstances which would raise a presumption against the grantor, the transaction, as to the grantee, will not be affected by a fraudulent intent on the part of the grantor. *Zick* v. *Guebert*, 142 Ill. 159.

Mr. Chief Justice Wilkin delivered the opinion of the court :

Whatever may be said of the contention of counsel for appellant that the findings and decree of the circuit court go beyond the issue formed by the bill and answer, in the view we take of the evidence in this record that objection is not available to it as a ground of reversal. The allegations of the bill are, "that the said conveyance by Robert L. Rhea and wife to the said Phœbe Rhea, and the said conveyance by the said Phœbe Rhea and husband to the said Glenora B. Rhea, were not conveyances, and neither of them was a conveyance made upon a valuable consideration, but each of them was made with the intention, upon the part of all the parties to each of said conveyances, of defrauding your orator out of its said demand, and that no consideration was paid by the said Phœbe Rhea to the said Robert L. Rhea and his wife, or to either of them, for the said conveyance, nor was there any consideration paid by the said Glenora ·B. Rhea to the said Phœbe Rhea and husband, or either of them, and that the said premises are now held by the said Glenora B. Rhea in trust for the said Robert L. Rhea, and for the purpose of preventing a levy and sale

of the same under and by virtue of the said execution." This allegation is directly and positively denied in each of the answers of the defendants. The burthen of proof was therefore upon the complainant to prove it, and if it failed to do so, its bill should have been dismissed, as recommended by the master.

We have carefully examined the evidence, and think it fails to sustain the bill. Whether the intention of the parties to the conveyances was to absolutely vest the title to the property in Phœbe Rhea, and afterwards in Glenora, or not, there is nothing in the evidence from which it can be fairly said that the intention was to defraud the complainant, or hinder and delay it in the collection of the debt for which it afterwards obtained judgment. Whether the deed from Robert L. to his mother was intended merely as a mortgage, to secure the payment of the $900 indebtedness due her from him, or as an absolute conveyance, it is clear, from the uncontradicted testimony of both parties, that such indebtedness was the moving consideration for those deeds, and that they were not prompted by the motive of defrauding complainant. A decree dismissing the bill at complainant's cost would have been clearly justified by the proofs. The circuit court, however, construed the testimony most favorably to appellant, and decreed it relief accordingly, and it cannot be heard to complain of that decree merely because it grants it relief not sought by the bill. The decree as to homestead was right. *Quinn* v. *People*, 146 Ill. 275, and cases cited.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*