### West Publishing Company, Plaintiff in Error, v. Ansel M. Lasley, Defendant in Error.

### Gen. No. 15,807.

1. STATUTE OF LIMITATIONS—*when new promise revives debt.* "An unqualified admission that the debt was due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it," revives such debt.

2. EVIDENCE—*when secondary, as to contents of letter should be received.* If the non-production of an original letter is fully accounted for by competent evidence, the best evidence of its contents which is available should be admitted.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed November 2, 1911.

LEWIS EDWARD DICKINSON, for plaintiff in error.

FRANK A. LASLEY, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to the Municipal Court of Chicago, which on June 18, 1909, entered a judgment of *nil capiat* and for costs against the plaintiff, which had sued the defendant in *assumpsit* on a promissory note of the defendant given for some law books theretofore sold and delivered by it to the defendant.

West Publishing Co. v. Lasley, 165 Ill. App. 256.

The note was for $320.80.  It was dated December 7, 1896, and was payable in instalments, the last becoming due October 1, 1897.  The defendant claimed the benefit of the Statute of Limitations of ten years, the suit at bar not having been begun until April 25, 1908.

The plaintiff set up a new promise implied by an acknowledgment of the debt in a letter of October 4, 1898.  This letter, claimed to be in evidence, was, in our opinion, ''an unqualified admission that the debt was due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it,'' which in Illinois is sufficient to revive the debt against the Statute of Limitations and make a new departure. Keener v. Crull, 19 Ill. 189; Carroll v. Forsyth, 69 Ill. 127; Coulson v. Hartz, 47 Ill. App. 20; Nonotuck Silk Company v. Pritzker, 143 Ill. App. 644.

We gather from the somewhat remarkably constructed ''Statement of Facts'' which is a part of the transcript of the record before us, that this was also the opinion of the trial judge, but that he held that various attempts of the plaintiff to prove the contents of said letter were failures and that the said letter could not be considered to be in evidence.  The defendant having then demurred to all the plaintiff's evidence, the court sustained the demurrers and gave judgment of *nil capiat* against plaintiff and in favor of defendant for costs.

It is rather hard to determine the exact scope of the court's rulings on this subject in the various piecemeal hearings in which the case was tried.  But the net result to our minds is, that the objections made to the secondary evidence of the contents of the letter in question were hypercritical.  We think the nonproduction of the original letter was fully accounted for by competent evidence, and that the best secondary evidence of its contents available, which is all that was required, was produced.  We also think that the secondary evidence was more than usually satisfactory. The genuineness of the signature to the original was

explicitly sworn to by one who had seen that signature and had brought himself within the rule which allowed him to testify to it. The contents of it were sworn to by him as identical with those of a copy produced; and, moreover, the evidence offered was sufficient, in our opinion (despite the objections about the statement of the witness being a conclusion), to warrant the finding that defendant had, after the reception of the letter by the plaintiff, acknowledged implicitly—and just as satisfactorily as though he had done it expressly—having written it.

We think that the evidence certified to by the court below as offered and, implicitly if not explicitly, as *all* that was offered by either party, was sufficient to have secured a judgment for the plaintiff at the hands of the Municipal Court, which heard the cause without a jury. As we have not been favored by the defendant in error with a brief, we do not know, farther than the so-called ''Statement of Facts'' reveals it, what is the basis of a diverse view.

We shall reverse the judgment of the Municipal Court. But because of the difficulty of determining exactly what the Municipal Court had erroneously excluded from the evidence when the demurrer to the evidence was sustained, and what the rights of defendant may be to a further hearing of evidence on his part, we do not—as we are inclined to do—give the judgment here which, in our opinion, the Municipal Court should have entered and would have entered had it taken a correct view of the law as to secondary evidence, namely, a judgment for the principal of the note of December 7, 1896, $320.80, with interest at six per cent. from December 7, 1896, to the date of the judgment,—but in place thereof remand the case to the Municipal Court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*