(No. 19964.—

ELEANOR V. GARRETT, Defendant in Error, *vs.* RUSSELL L. GARRETT *et al.*—(VERA M. HOLMES, Plaintiff in Error.)

*Opinion filed April 23, 1931.*

TRAINOR & TRAINOR, for plaintiff in error.

FRANK B. TEED, (MARLOW J. MADDEN, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

On December 8, 1927, defendant in error, Eleanor V. Garrett, filed her bill for separate maintenance in the circuit court of Cook county against her husband, Russell L. Garrett. She alleged, among other things, that she and her husband were the owners in joint tenancy of certain real

estate at No. 6609 South Bishop street, in Chicago, where she resided, which real estate was subject to two mortgages. A summons was served on Garrett. On January 3, 1928, he signed a written contract under seal settling the property rights between himself and his wife, in which the wife was to have the household goods and the real estate was to be sold and the proceeds equally divided. This contract was not signed by the wife. On January 16, 1928, after the summons had been served on Garrett, he executed a quit-claim deed conveying to his sister, Vera M. Holmes, his interest in the real estate. On February 28, 1928, an order was entered by the court directing Garrett to pay $12 per week temporary alimony, $50 temporary solicitor's fees, and that he pay, or arrange to pay, the installments and interest due and past due under the mortgages on the premises. An appeal was prayed from this order, which was not perfected. Shortly after the order was entered Garrett disappeared and nothing was heard from him until after the case had been tried and a decree had been entered. He never paid any alimony, solicitor's fees or interest on the mortgages. On February 20, 1928, defendant in error filed an amended bill for divorce, to which she made Mrs. Holmes a party. The bill alleged, among other things, that defendant in error and her husband were the owners in joint tenancy of the premises in question, where she resided; that she by her economy and providence contributed a great share toward the acquisition of the property; that her husband conveyed his share in the real estate to Mrs. Holmes, for little or no consideration and in fraud of the rights of defendant in error. An answer was filed to the bill for divorce by Garrett through his solicitors, although he did not appear upon the hearing. An answer was also filed by Mrs. Holmes, in which she alleged that she purchased the property for value and that the sale was valid and binding. In March, 1929, there was a hearing. No defense was interposed by Garrett and a decree of divorce was entered,

which found that Garrett, in order to defeat the rights of defendant in error, had abandoned the jurisdiction of the court, and judgment for $176.84 was rendered against him for the arrears due under the temporary order for alimony. Garrett was ordered in the future to pay alimony at the rate of $12 per week and $150 solicitor's fees and costs. The decree found that Garrett and wife, through their joint labors, earnings and savings, purchased the real estate in question; that shortly after the filing of the bill Garrett concealed himself within the jurisdiction of the court, or abandoned the jurisdiction of the court, so as to avoid the process of the court and to defeat and defraud defendant in error of her rights; that he, in order to defeat the rights of the defendant in error, attempted to convey the real estate to his sister, Mrs. Holmes; that the purported conveyance was a fraud on the rights of defendant in error, was without consideration, was void and of no force and effect and was set aside, and Garrett and Mrs. Holmes were ordered to convey the real estate to defendant in error.

Shortly after the decree was entered Garrett was taken into custody on a writ of attachment. There was a hearing, and an order was entered committing him to the county jail for six months or until the arrearages were paid. He served his sentence and was discharged. No appeal was perfected from the decree of divorce but Garrett and Mrs. Holmes prosecuted a writ of error from this court to review the decree. Mrs. Garrett filed a plea in this court to the writ of error of her husband, in which she alleged that he had failed to comply with the orders of the court with reference to the payment of alimony, that he had been committed to the county jail for contempt of court, and she sought the judgment of this court whether she be compelled to answer the writ of error prosecuted by Garrett. This court sustained the plea and the writ of error was dismissed as to Garrett. (341 Ill. 232.) Therefore all questions as to the decree and its provisions are not before this court

except in so far as they relate to the property conveyed to Mrs. Holmes.

Plaintiff in error, Vera M. Holmes, insists that the allegations of the original bill for separate maintenance were too indefinite to affect the purchase of the property by her under the doctrine of *lis pendens;* that where an amended bill sets up a new equity or brings forward a new claim or a definite and distinct ground for relief not before asserted, the *lis pendens* will begin only with the filing of such amendment; that the allegations of fraud in the amended bill for divorce were made on information and belief and were insufficient to charge fraud, and that the evidence was insufficient to sustain the findings of the decree as to fraud.

A general allegation of fraud is not sufficient. The bill should point out and state the particular facts and circumstances relied on as constituting the fraud. (*Dickinson* v. *Dickinson*, 305 Ill. 521; *Fortune* v. *English*, 226 id. 262; *Roth* v. *Roth*, 104 id. 35.) Fraud is never presumed but must be proved by such clear and convincing evidence as leaves the mind well satisfied that the allegations are true. (*Jaworski* v. *Sujewicz*, 334 Ill. 19; *Schiavone* v. *Ashton*, 332 id. 484.) The relationship of the parties is merely a circumstance which may excite suspicion, but it will not, alone and of itself, amount to proof of fraud. *Luthy & Co.* v. *Paradis*, 299 Ill. 380; *Ayers Nat. Bank* v. *Barber*, 287 id. 182; *American Hoist and Derrick Co.* v. *Hall*, 208 id. 597.

The original bill for separate maintenance merely alleged that defendant in error and her husband were the owners in joint tenancy of the premises therein described, where they resided at the time of their separation. The amended bill for divorce contained a similar allegation, and further alleged that defendant in error by her economy and providence contributed a great share towards the acquisition of the property and that her husband had attempted to dispose of his share of the property. She alleged that she is

informed and believes that .her husband has assigned, in fraud, his share of the property to his sister, Vera M. Holmes, for little or no consideration, and that defendant in error will be defrauded of her rights and interest in the premises unless her husband and his sister be restrained by the court from selling or encumbering the property.

The evidence of defendant in error in support of her fraud charge is that she was married on December 22, 1920, and lived with her husband until December 2, 1927; that they had no children; that at the time of the marriage the husband had only $200 but that he had been employed at $37 per week as a pattern maker; that the purchase price of the property was $7000, of which $1200 was paid in cash, which they had saved when they were first married while living with her mother; that there was a first mortgage of $3000 and a second mortgage of $2800 on the property; that during the time they were living together the husband wanted to sell the property and put the money in his own name in the bank; that the first mortgage is still $3000 but the second mortgage has been reduced to about $400; that she paid about $50 towards the property and the balance of about $3500 was paid by the husband; that she had received the rent of the garage and put it in the bank and paid the taxes; that she was employed most of the time during her married life; that she generally was sick through the summer but worked during the winter; that during the first three years of their married life they lived with her mother and paid $10 a week board for both of them; that she clothed and took care of herself, bought furniture of the value of about $600, and the balance of the money went to pay for the property; that Mrs. Holmes was divorced from her husband, and that she had one child and was living with her mother. This is all of the evidence in support of the charge of fraud.

Vera M. Holmes testified that she had been employed for five years at $20 per week and had received $195 as

compensation for an injury to a finger; that she knew when she purchased the property that a bill for separate maintenance had been filed, that the property was owned in joint tenancy, that she was not buying the whole property, and that it was being occupied by the parties as their homestead at the time they separated. She testified she paid $500 for the property in cash, saved from her earnings, which she thought was all the property was worth; that she never kept any bank account, and that she never received any promise from Garrett that the money was ever to be paid back; that she was supporting her child, but the father was paying seven dollars a week by order of the court of domestic relations. She offered in evidence a contract dated January 3, 1928, signed by Garrett, which recited that a bill for separate maintenance had been filed; that he and his wife were the owners of the property in joint tenancy; that it was purchased for $7000; that he had paid $3450 and defendant in error had paid $50, and that defendant in error owned the furniture in the house. It was agreed that the property should be sold, and after paying the costs and expenses the balance was to be divided equally between husband and wife. P. P. Flick, an attorney, testified that he drew the deed conveying the property to Mrs. Holmes; that she and Garrett came to his office for that purpose; that they were strangers to him and had been sent to him by other parties; that after the deed was drawn he gave it to Garrett, who handed it to his sister, and she paid Garrett some money; that she had quite a roll of bills, but he did not know how much or what the denominations were but there were some $10 bills.

The finding of the decree that defendant in error and her husband through their joint labors, earnings and savings purchased the real estate, and that the property was acquired by reason of the economy, prudence, earnings and savings of defendant in error, is not supported by the evidence. The findings of the decree that the conveyance was in fraud

of the rights of defendant in error, that it was for no consideration and that it was void and of no force and effect, are not supported by the evidence. The allegations of the bill are very meager with reference to fraud, and the evidence in support of the allegations does not prove the fraud in that clear and convincing manner which the law requires.

The decree is reversed in so far as it sets aside the deed of conveyance from Garrett to his sister and the cause is remanded, with directions to modify the decree in this respect.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*