**First National Bank of Flora, Illinois, Appellee, v. H. J. Cunningham et al., Appellants.**

Opinion filed September 19, 1932.

Donovan D. McCarty, for appellants.

Smith & Smith and Creighton & Thomas, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee, a judgment creditor of H. J. Cunningham and his son Roy Cunningham, filed its bill in aid of execution to set aside certain deeds executed by H. J. Cunningham to his son Theodore Cunningham and Zelma Cunningham, the wife of Roy Cunningham, and to subject the land to the payment of the judgment. Rinard Banking Company, also a judgment creditor of the same parties, filed a similar bill to set aside other deeds made by H. J. Cunningham to the same grantees. The bills were answered by H. J. Cunningham and Zelma Cunningham, but not by Theodore. The cases were heard together and the court entered a decree in each case finding that the conveyances were made without consideration and granting the relief prayed. Theodore Cunningham did not appeal from either decree.

The bills called upon appellants to answer under oath as to the consideration for the deeds made to Zelma Cunningham. They filed verified answers in which they averred that in 1921, after the death of his wife, H. J. Cunningham made a contract with Zelma Cunningham that if she would provide him with clothes, board and room and would nurse and care for him, he would pay her $5 per week, payment to be made by a conveyance of land; that she performed her part of the contract and nursed him through two serious sick spells; that the services rendered constituted the consideration for the deeds in question which were executed and delivered in 1930 and 1931. The undisputed evidence supports the answers in that regard. When the contract was made H. J. Cunningham was 69 years of age.

Appellants insist that there was ample consideration for the deeds to Zelma Cunningham and that the court erred in finding that they were made without consider-

ation. Appellee does not deny the making of the contract, or that the services were rendered. It makes no claim that the land was worth more than the reasonable value of the services. It seeks to sustain the decree on the theory that the consideration for the deeds was an agreement for the future support of the grantor and that by reason thereof the conveyances were fraudulent and void as to creditors under *Lawson v. Funk,* 108 Ill. 502, and similar cases. In all of those cases the deeds were made before the rendition of any services and the consideration, in whole or in part, was an agreement to provide future support for the grantor. The contract in the case at bar was made in 1921 and was not for the future support of the grantor for life but only by the week so long as the services were rendered. The contract gave Zelma Cunningham no right, title or interest in or to any land and the court is not at liberty to say that her rights must be determined on the same basis as if the deeds had been executed on the day the contract was made.

Zelma Cunningham had rendered services for about 10 years before the deeds were executed. The consideration for the deeds was such past services and not the future support of the grantor. There is no evidence, that, before the execution of the deeds, anything was said by the grantor or the grantee about any services to be rendered after the execution of the deeds.

Services previously rendered by a grantee to her grantor constitute a legal consideration for the deed. *First Nat. Bank of Peoria v. Rhea,* 155 Ill. 434; *Jones v. Jones,* 213 Ill. 228; *Legate v. Legate,* 249 Ill. 359. An existing debt is a valuable consideration for a deed. 8 R. C. L. 962. A conveyance by a debtor to his creditor in payment of an antecedent bona fide debt will be sustained if the amount of the debt is not ma-

434

terially less than the fair and reasonable value of the land. 27 C. J. 535.

A debtor has a right to prefer a creditor, when he acts without fraud, leaving nothing for his other creditors to resort to. There must be evidence to show a fraudulent intent before a conveyance made upon a valuable consideration may be held fraudulent as to creditors. *Third Nat. Bank of Mt. Vernon v. Norris,* 331 Ill. 230. The general rule is that where property is transferred in payment of a debt, fraud cannot be imputed to the creditor thus preferred because of his knowledge that the debtor is insolvent, or that the transfer is of all the debtor's property. 27 C. J. 629. We find no evidence in the record of a fraudulent intent. The decree, in so far as it affects the rights and interests of Zelma Cunningham, is reversed.

*Reversed.*