Charles C. Willson, Receiver of the Jefferson State Bank of Mt. Vernon, Illinois, Appellant, v. Irving U. Labhart and Jennie Morgan, Administratrix of the Estate of Lewis C. Morgan, Deceased, Appellees.

94

Opinion filed January 23, 1933.

CURTIS WILLIAMS and CONRAD SCHUL, for appellant.

JUNE C. SMITH, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This is a suit in equity brought by appellant, as receiver of the Jefferson State Bank of Mt. Vernon, Illinois, for the purpose of setting aside three trans-

actions, a note and mortgage, a transfer of 10 shares of stock in the above mentioned bank, and a deed, all executed or negotiated by one Lewis C. Morgan to Irving U. Labhart or for his benefit.

The Jefferson State Bank closed its doors on December 19, 1930, and on January 22, 1931, appellant was appointed receiver for the bank, duly qualified, and has been acting as such receiver since that date, for the purpose of liquidating the assets and closing up the affairs of the bank.

With reference to setting aside the note and mortgage, the bill charged that on December 16, 1930, Lewis C. Morgan, who was then the president of the Jefferson State Bank, together with his wife, executed a mortgage to appellee, Irving U. Labhart, to secure an indebtedness of $10,000, on real estate described in said bill. It was alleged therein that at the time Dr. Morgan executed the note and mortgage he was insolvent and that said note and mortgage were executed and delivered in fraud of the other creditors of Dr. Morgan; that at that time, Dr. Morgan well knew the condition of the bank and executed the note and mortgage in fraud of the rights of the stockholders through appellant.

The next charge in the bill respecting the transfer of 10 shares of bank stock alleges that on December 16, 1930, Dr. Morgan caused 10 shares of the capital stock of the Jefferson State Bank to be transferred upon the records of the bank from Irving U. Labhart to Dr. Morgan, and that this transaction was made for the purpose of avoiding an assessment on the stock of the bank against Labhart and made for the sole purpose of avoiding financial responsibility of appellee, Labhart.

The third transaction sought to be set aside was set forth in an amendment to the original bill which alleged that on November 1, 1926, Dr. Morgan con-

veyed another property by deed to Irving U. Labhart without any consideration. The prayer of the bill is that the note and mortgage and the transfer of the shares of stock of the bank aforesaid be canceled, set aside and vacated, and that the same be held for naught against the rights of the complainant and the creditors of the bank aforesaid; that the title to the shares of bank stock be decreed to be in Labhart and the title to the real property be decreed to be in the complainant for the use and benefit of the creditors of the bank.

An answer was filed by appellees, denying all of the allegations of the bill and averring that the bill of complaint was wholly insufficient to entitle complainant to relief.

At the conclusion of the evidence on motion of counsel for appellees a decree was entered, dismissing the bill for want of equity. This appeal is brought to reverse that decree.

Appellant proved by one witness that the fair cash market value of the property mortgaged on December 16, 1930, was $9,500 at the time the mortgage was executed; also that the property conveyed on November, 1926, was worth about $5,000 in December, 1930. By another witness he proved that the building and loan association had a mortgage on another property owned by Morgan at the time of his death amounting to $2,500 and that such mortgaged property was worth about $3,000. This property was not involved in this suit. By another witness he proved that the rentals on the property covered by the deed of November, 1926, had, subsequent to that date, been collected by Morgan and it was stipulated that Morgan paid the taxes on said property in the years 1927, 1928 and 1929, and his widow paid the taxes in 1931. By the county clerk he proved that no inventory had been filed in the estate of Lewis C. Morgan at the time the

suit was tried. By appellant it was proven that he was receiver of the Jefferson State Bank; that Dr. Morgan had been president of the bank for some years before it closed; that at the time the bank failed, Dr. Morgan was indebted to the bank to something over $11,000 and owned 80 shares of stock. By the circuit clerk it was proven that on December 16, 1930, Dr. Morgan brought the mortgage of that same date for the purpose of having it recorded. The cashier of the closed bank testified that Dr. Morgan was more or less familiar with the condition of the bank for some months before it closed. Also that on November 1, 1926, a loan was made by the bank to Labhart on the property that day conveyed to him by Morgan, the loan being secured by a mortgage executed by Labhart and his wife on the same property; that this note and mortgage was afterwards paid off and discharged.

Labhart was a son-in-law of Morgan.

Disregarding the insufficiency of the allegations in the bill, it was necessary for the complainant to prove that Dr. Morgan was insolvent, to set aside the mortgage of December 16, 1930; that said mortgage was executed in fraud of his other creditors and that Labhart participated in and was a party to the fraud, or he must prove that the mortgage was executed without any consideration whatever. Statute of Frauds, Cahill's St. ch. 59, ¶¶ 4, 5 and 8; secs. 4, 5 and 8, chapter 59, Smith-Hurd Revised Statutes. Fraud is never presumed, but must be proved by such clear and convincing evidence as leaves the mind well satisfied that the allegations are true. The relationship of the parties is merely a circumstance which may excite suspicion, but it will not, alone and of itself, amount to proof of fraud. *Garrett v. Garrett,* 343 Ill. 577. The Supreme Court has repeatedly held that in order to set aside a conveyance on the ground that it was made to hinder and delay creditors, it must appear that both

parties participated in the fraud and that the conveyance may have the effect to delay and hinder creditors does not of itself bring the case within the statute. *Behrens v. Steidley,* 198 Ill. 303. It was incumbent on complainant to prove the insolvency of Dr. Morgan. The testimony shows that certain real property of Morgan was badly incumbered; that he was indebted to the bank; that he executed the mortgage to Labhart just before the bank failed; that no inventory has been filed in his estate and other suspicious circumstances but the record does not conclusively show that he did not have other property of value. There is no evidence in the record to show that the execution of the mortgage to the son-in-law Labhart was not in good faith, to secure some existing indebtedness between the parties, and positively no evidence to show that Labhart knew of or participated in the fraud. The burden of proof was upon the complainant to establish the charge of fraud alleged in his bill. Every transaction is presumed to be fair and honest until the contrary is established. Even a husband may deal with his wife in business matters and protect her by conveyances in satisfaction of existing indebtedness. So may he protect relatives standing as creditors, if done in good faith. Such relationship is not proof of fraud or that there is no bona fide indebtedness. *Ayers Nat. Bank of Jacksonville v. Barber,* 287 Ill. 182. The proof in this case is not sufficient to warrant a court in setting aside said mortgage.

The proof in support of the second transaction to set aside the transfer of the bank shares was equally lacking in sufficiency. In the first place our courts have held that a complainant in a bill to enforce a stockholder's constitutional and statutory liability must first establish the fact that he is a creditor of the bank before he can maintain such action. The receiver appointed by the State auditor to liquidate the assets

of the bank has no such standing and that is the capacity in which he filed this bill. Further there is no showing of fraud or intention to hinder and delay creditors on the part of Morgan and Labhart as is necessary in a case of this character and as heretofore stated.

Regarding the transfer of real property on November 1, 1926, the allegation of the bill was that the conveyance was made without consideration. There is no proof whatsoever of that fact. The son-in-law lived in Kansas City, and Morgan continued to collect the rent and pay the taxes on the property, but the deed on its face purports a valid consideration; there is no proof of the insolvency of Morgan at that time, or that the conveyance was made to hinder and delay creditors.

We feel that the proof in this record is not sufficient to prove either the allegations of the bill or to establish fraud for the purpose of hindering or delaying creditors and that the decree of the circuit court dismissing the bill for want of equity was right and proper and should be affirmed.

*Affirmed.*