The Woodford County National Bank of El Paso, Illinois, Appellant, v. Eugene L. Conklin, Executor of the Last Will and Testament of Evaline Mooberry, deceased, Thomas V. Pinkham and Royal Pinkham, Appellees.

Gen. No. 9,052.

Opinion filed October 15, 1937.

WILLIAM A. POTTS and ALFRED W. BLACK, both of Pekin, and B. H. HEURING, for appellant.

W. J. REARDON and BARNEY KAHN, both of Pekin, for appellees.

MR. JUSTICE RIESS delivered the opinion of the court.

On April 20, 1933, appellant, a judgment creditor of the defendant Thomas V. Pinkham, filed its bill in

chancery in the circuit court of Tazewell county against Thomas V. Pinkham and Royal Pinkham, brothers, to set aside a certain assignment by Thomas V. Pinkham to Royal Pinkham of a legacy provided for in the will of one Evaline Mooberry, deceased, on the ground that the same was fraudulently made to hinder and delay creditors. Eugene L. Conklin, executor of this will, was also made a party defendant. The plaintiff, The Woodford County National Bank of El Paso, Illinois, has appealed from the decree entered therein dismissing its bill of complaint for want of equity.

The bill alleges in substance that on January 13, 1926, Thomas V. Pinkham was indebted to the plaintiff appellant for principal and interest due on a promissory note in the total sum of $1,128.32, and that on said date, the plaintiff recovered a judgment therefor in the circuit court of Woodford county; that a number of executions were issued and returned not satisfied, and that no payment had been made on the judgment.

It is also alleged that on April 4, 1932, Evaline Mooberry, an aunt of the defendants, Thomas V. Pinkham and Royal Pinkham, died testate and bequeathed to each of said defendants an undivided one-nineteenth interest in her estate, alleged to be of an approximate value of $1,800; that on June 8, 1932, Thomas V. Pinkham, one of the defendants, assigned all of his right, title and interest in and to his legacy to his brother, Royal Pinkham; that at the time of said assignment Royal Pinkham had no pecuniary responsibility; that the assignment was made without consideration, and with the intention and design of aiding, assisting and abetting Thomas V. Pinkham in defrauding, hindering and delaying the plaintiff from collecting its judgment.

The bill prayed that the said assignment be set aside; that Royal Pinkham be enjoined from collecting the legacy in question and that Eugene L. Conklin,

executor, be enjoined from paying the legacy to Royal Pinkham and ordered to pay plaintiff therefrom sufficient to satisfy its judgment and costs.

Thomas V. Pinkham failed to answer the bill and a default and decree *pro confesso* was entered against him. Royal Pinkham filed an answer admitting the assignment, but denying that it was made for the purpose of defrauding the plaintiff, or of hindering and delaying the collection of its judgment against Thomas V. Pinkham as alleged.

The answer further averred that Thomas V. Pinkham was indebted to Royal Pinkham in the sum of $1,765 on account of a certain promissory note given by Thomas V. Pinkham on November 28, 1921, to the First National Bank of El Paso and paid by Royal Pinkham on July 15, 1922, as cosigner and security thereon and that the assignment was given for the purpose of repaying this bona fide pre-existing indebtedness.

Eugene L. Conklin, executor, by his answer admitted the assignment of the legacy of Thomas V. Pinkham and that Royal Pinkham had made demand on him for payment of the legacy by virtue of the assignment.

The cause was referred to the master in chancery, whose report and supplemental report overruling objections thereto were approved and the objections, standing as exceptions, were overruled by the court, the suit dismissed for want of equity, and the appeal herein was taken.

It appears from the approved report and from the evidence that the defendant Thomas V. Pinkham became indebted to the plaintiff on February 18, 1921, in the sum of $1,178, and gave his note, payable to the plaintiff on June 18, 1921. He did not pay the note, and judgment was entered against him on January 13, 1926. The evidence fully establishes the fact that he was insolvent in 1921, and continued to be insolvent up to the time of filing the suit in question.

About the time that Thomas V. Pinkham was having these transactions with the plaintiff, the First National Bank of El Paso took a promissory note signed by both Thomas V. Pinkham and Royal Pinkham for the principal sum of $1,000 dated November 28, 1921, in renewal of a prior note due from Thomas V. Pinkham to the bank. Evidence on the part of the defendant establishes the fact that Royal Pinkham signed this renewal note as surety and that he paid the note on July 15, 1922, by surrendering to the National Bank of El Paso a certain mortgage note for the sum of $1,000 executed by one Anna B. Crowe, dated June 28, 1920, and the note so paid was surrendered to him uncanceled and remained in his bank box and in his possession until the time of the trial. The bank cashier (who was also a witness) at that time advised him not to cancel the note or mark it paid, but to hold it, which was done. Thomas V. Pinkham never at any time made any payment of principal or interest on this note, and the master found the total amount due thereon from Thomas V. Pinkham to Royal Pinkham to be the sum of $1,560.67. Both of the Pinkhams were called by plaintiff and examined as witnesses under section 60 of the Illinois Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060. They testified that the assignment was made in payment of the above pre-existing indebtedness and this testimony was not successfully rebutted.

The assignment of the legacy by Thomas V. Pinkham was dated June 8, 1932, and was filed in the office of the clerk of the county court of Tazewell county on June 23, 1932. The executor's report filed in the estate of Evaline Mooberry showed the legacy and distributive share of Thomas V. Pinkham to be the sum of $1,337.91, which was less than the amount of the indebtedness for the payment of which the assignment was so made.

The primary question to be determined is whether or not Thomas V. Pinkham executed the assignment in question without consideration for the purpose of defrauding, hindering and delaying the plaintiff in the collection of said judgment or whether the assignment was made to Royal Pinkham for a good consideration and for the purpose of paying his brother the amount of a bona fide pre-existing indebtedness.

When fraud is alleged, the burden is upon the plaintiff to prove this allegation by a preponderance of the evidence. Fraud is never presumed, but must be proved by such clear and convincing evidence as leaves the mind well satisfied that the allegations are true. The relationship of the parties is merely a circumstance which may excite suspicion, but will not, alone and of itself, amount to proof of fraud. *Garrett v. Garrett,* 343 Ill. 577, 580, 175 N. E. 772; *Willson v. Labhart,* 269 Ill. App. 93, 97; *American Hoist & Derrick Co. v. Hall,* 208 Ill. 597, 70 N. E. 581.

A debtor undoubtedly has the right to prefer one creditor, when he acts without fraud, even though he devotes all of his property to the preferred creditor, leaving nothing for the other creditors to resort to, and the fact that the alleged fraudulent action was between relatives does not change the rule that one alleging fraud in a creditor's bill must prove it by a preponderance of the evidence, the relationship being merely a circumstance to excite suspicion. *Third Nat. Bank of Mt. Vernon v. Norris,* 331 Ill. 230, 234, 162 N. E. 829; *American Hoist & Derrick Co. v. Hall, supra; First Nat. Bank of Flora v. Cunningham,* 267 Ill. App. 430.

While the fact that the parties to the assignment were brothers subjects the transaction to closer scrutiny than if they were strangers, this fact does not of itself attain the dignity of proof as to third persons, as a brother may protect another brother who is a creditor if the transaction is in good faith, nor does

the fact that the parties were brothers create a presumption that there was not a bona fide indebtedness. *Byerly v. Byerly,* 363 Ill. 517, 524, 2 N. E.. (2d) 898.

The general rule is that where property is transferred in payment of a debt, fraud cannot be imputed to the creditor thus preferred, because of his knowledge that the debtor is insolvent or that the transfer is of all the debtor's property. *First Nat. Bank of Flora v. Cunningham, supra;* 27 C. J. 269.

We are of the opinion that the finding of the master as approved by the judge that Royal Pinkham had paid the note and indebtedness to the First National Bank of El Paso, Illinois, as security for Thomas Pinkham is in accord with the preponderance of the evidence and that the same constituted a bona fide pre-existing indebtedness prior to and at the time of the assignment of the legacy to Royal Pinkham and that said assignment was made in recognition of and in payment of said indebtedness.

The appellant further urges that the payment of the indebtedness due the security on the Pinkham note was not a valid consideration for the assignment of the property in question since it is so alleged to have been barred by the statute of limitations.

The recognition of this indebtedness and the giving of the assignment was a clear admission of liability on the part of Thomas Pinkham and of his intent to pay the debt. *Walker v. Freeman,* 209 Ill. 17, 70 N. E. 595. Here we have the admission that the debt is due and unpaid coupled with the assignment in payment thereof, which was sufficient to remove the bar of the statute of limitations. *Sneed v. Parker,* 262 Ill. App. 333; *Ross v. St. Clair Foundry Corp.,* 271 Ill. App. 271; *West Pub. Co. v. Lasley,* 165 Ill. App. 256; *Walker v. Freeman, supra.*

The lapse of time intervening did not affect the sufficiency of the consideration nor render the conveyance void as against creditors. *Manchester v. Tib-*

*betts,* 121 N. Y. 219, 24 N. E. 304. Moreover, the courts of this State have held that the plea of the statute of limitations is a personal privilege and defense, and that it can be availed of only by the person for whose benefit the statute inures, or such other person as stands in his place and stead. *Cartwright v. Cartwright,* 68 Ill. App. 74; *Fish v. Farwell,* 160 Ill. 236, 43 N. E. 367; *Emory v. Keighan,* 94 Ill. 543.

We have fully examined and considered all other alleged errors assigned by the appellant and find no reversible error in the record.

The decree of the circuit court of Tazewell county dismissing the appellant's bill for want of equity will therefore be affirmed.

*Decree affirmed.*