**HUMMEL v. RIORDON et al.**
Civil Action No. 43C362.

District Court, N. D. Illinois, E. D.
Oct. 2, 1944.

984

Paul T. Barnes, Harry H. Ruskin, and Simon H. Alster (of Alster, Berger & Wald), all of Chicago, Ill., for plaintiff, Fred E. Hummel.

Frank A. McCarthy and John E. Toomey, both of Chicago, Ill., for defendants John A. Riordon and Daisy B. Riordon.

Gilmore, Hendricks & Cullen, of Chicago, Ill., for defendants John Stuart Riordon, Holly Shively Riordon, and Helen F. Riordon.

LA BUY, District Judge.

The plaintiff has filed herein his sworn amended complaint as amended in which he seeks to set aside certain conveyances alleged to be fraudulent as to certain creditors of James K. Riordon, Bankrupt, to whose rights plaintiff has succeeded under the provisions of the Bankruptcy Act, as amended, 11 U.S.C.A. § 107. The defendants filed their sworn answer herein, and the defendants, John A. Riordon, John Stuart Riordon, Holly Shively Riordon and Helen F. Riordon, have now filed herein their verified motions for summary judgment, supported by affidavits, and the plaintiff has filed herein his motion and affidavit to dismiss said motions for summary judgment.

The amended complaint alleges that the bankrupt from 1926 through 1938 was the owner and in possession of certain real estate in DuPage County, Illinois; that this property was subject to a first mortgage indebtedness of $48,000, and a second mortgage indebtedness which was held by the First Union Trust & Savings Bank of Chicago as collateral security for a note of the bankrupt, the balance of said note in 1938 being the sum of approximately $54,000; that in January, 1935, the Metropolitan Life Insurance Company, the owner of the first mortgage indebtedness, filed its complaint in the Circuit Court of DuPage County for the purpose of foreclosing said first mortgage; that in 1938 the bankrupt had the resources to pay off and discharge all of said encumbrances; that to conceal his resources from his creditors and to conceal from his creditors the fact that said mortgages and liens upon said property were being settled with the bankrupt's funds, the bankrupt conveyed 490 acres of said land to his brother, the defendant, John A. Riordon, and conveyed the remaining 3⅓ acres of land to his son, the defendant, John Stuart Riordon; that the bankrupt was insolvent at the time of said conveyances or was rendered insolvent because of said conveyances; that the bankrupt received no good or valuable

consideration for said transfers, and the transferees paid no good or valuable consideration for same; that at or about the time of said transfer the holder of the second mortgage indebtedness of $54,000 had agreed with the bankrupt to surrender to the bankrupt all of its interest in said second mortgage for the sum of $15,000; that the bankrupt for the purpose of hindering, delaying and defrauding his creditors caused his brother, the defendant, John A. Riordon, to make such payment to the holder of the second mortgage and obtain an assignment of said second mortgage running to said John A. Riordon, instead of the bankrupt's obtaining a release of said indebtedness and an immediate release of said mortgage; that the said bankrupt caused said second mortgage to remain of record for the purpose of hindering, delaying and defrauding the bankrupt's creditors; that subsequent to said transfers, the bankrupt made payments on account of principal and interest to the holder of the first mortgage; that in 1940, through funds available from the sale of 93 acres of said real estate and a new mortgage on 160 acres of said real estate and other assets, including the remaining assets, the bankrupt paid approximately $43,000 to the Metropolitan Life Insurance Co. on account of said first mortgage indebtedness, but for the purpose of hindering and delaying his creditors, instead of having the said first mortgage released of record and having said foreclosure proceeding dismissed, he caused the Metropolitan Life Insurance Company to assign the said mortgage to John H. Johnson who was the nominee of the bankrupt; that subsequently the bankrupt caused said John H. Johnson to assign all of said first mortgage to the defendant, John A. Riordon; that throughout said period of time and to the date of filing said amended complaint, the bankrupt continued in possession of all of the said 493 acres and continued his farming operations, the same as before the transfers, continued to collect rents from the various tenants of buildings located in various parts of said property and to sell and dispose of parcels of said farm.

Said amended complaint further alleges that the defendant, John A. Riordon, received title to said property with knowledge of the insolvency of the bankrupt, and that said conveyance was accepted by John A. Riordon for the purpose of assisting the bankrupt in his purpose of hindering, de-

laying and defrauding the creditors of said bankrupt. Identical allegations are made with reference to the conveyance made to the defendants, John Stuart Riordon and his wife.

The amended complaint further alleges that certain judgments were obtained by the defendant, Helen F. Riordon, wife of the bankrupt, and John Stuart Riordon, his son, against the bankrupt; that said judgments were obtained within four months of the date of the filing of the voluntary petition in bankruptcy by said bankrupt; that in the event that said conveyances are set aside and title to said property is vested in the plaintiff herein that said judgments should be decreed void and should not operate as a lien upon the said property; that the defendant, Helen F. Riordon, claims a purported transfer to her of all household furniture and furnishings of the bankrupt; that the note upon which said judgment is based is without consideration and the conveyance of said furniture and furnishings was for the purpose of hindering and delaying the creditors of the bankrupt.

The plaintiff seeks discovery of all of said transactions; seeks to have said claimed fraudulent conveyances set aside and said property held and decreed to be the property of plaintiff as trustee in bankruptcy of said bankrupt.

The defendant, John A. Riordon, has filed his written motion and affidavit for summary judgment which sets up in detail with reference to the conveyance of the 490 acres the acquisition of the mortgages thereon and the various payments made by the said defendant with reference to the acquisition of said mortgages.

Under Federal Rules of Civil Procedure, Rule 56(f), 28 U.S.C.A. following section 723c, with reference to the entry of summary judgment, it is provided that: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." The court is of the opinion that under the circumstances in the present case and under the facts stated that the above rule should be applied herein and the application for judg-

ment refused. The court in arriving at this conclusion has considered the following:

■ (a) Transactions between brothers are subjected to closer scrutiny than when the transactions are between strangers. Byerly v. Byerly, 363 Ill. 517, 2 N.E. 2d 898. Although a conveyance between parties related by blood is not, of itself, fraudulent as against the grantor's creditors, yet the fact of relationship may properly be considered in connection with other evidence tending to impeach the transaction. Reisch v. Bowie, 367 Ill. 126, 10 N. E.2d 663; Walker v. Houghteling, 7 Cir., 120 F. 928. Closer scrutiny of a transaction between blood relatives cannot be made by the court where affidavits only are filed.

■ (b) The fact that the deed to John A. Riordon was withheld from record for four months after its date and the fact that the assignment of the first mortgage was taken in the name of John H. Johnson, who had no interest therein, were a withholding of the nature of the transactions from the public and the creditors of the bankrupt; such facts were held secret and a suspicion is thrown upon the transactions because of such facts. Warner v. Norton, 61 U.S. 448, 20 How. 448, 15 L.Ed. 950; Hanneman v. Olson, 209 Iowa 372, 222 N.W. 566; 37 C.J.S., Fraudulent Conveyances, 84, p. 926; Sternbach v. Leopold, 50 Ill.App. 476. Such facts are not conclusive but merely suspicious, and a discovery of all of the surrounding circumstances should be allowed. This cannot be done upon affidavits with no opportunity to investigate the facts by cross examination of all of the persons involved.

■ (c) The affidavit of John A. Riordon does not allege that he ever took possession of the property involved herein, nor is it shown that he collected any of the rents, issues and profits therefrom. The fact that debtor was in control and possession of the property and received the proceeds thereof is an indication of fraud as against creditors. Best v. Fuller & Fuller Co., 185 Ill. 43, 56 N.E. 1077; Ward v. Cantrell, 28 Ga.App. 733, 113 S.E. 43; Conrad v. Diehl, 344 Mo. 811, 129 S.W.2d 870.

■ (d) The defendant, John A. Riordon, may have had notice of the financial condition of his brother, the bankrupt, and may have participated for the purpose of assisting his brother in a fraudulent intent to hinder and delay the creditors of his brother. Even though said John A. Riordon advanced all of the monies set forth in his affidavit and shown by the exhibits submitted with his affidavit, if he assisted the bankrupt in effectuating a fraudulent intent or even had notice thereof, he will be regarded as a participator in the fraud, and the conveyances would then be held fraudulent as to creditors. Sherwin-Williams Co. v. Watson Industries, Inc., 361 Ill. 598, 198 N.E. 704; Garlick v. Imgruet, 340 Ill. 136, 172 N.E. 164. The circumstances surrounding the transfer of the property and the motives and intents of the parties cannot adequately be inquired into and determined upon affidavits.

■ (e) On the question of the adequacy of consideration paid by said John A. Riordon, the question of value of the property is involved. A conveyance of land by a debtor to one of his creditors or for a present consideration will not be sustained if the consideration is materially less than the fair and reasonable value of the land. First National Bank of Flora v. Cunningham, 267 Ill.App. 430; In re Woods, 2 Cir., 71 F.2d 270. There is no proof of the value of the property involved in the affidavit of John A. Riordon because the written report of appraisal is not admissible evidence to prove value. Upon the trial of this cause, the written report of appraisal would not be received as competent evidence but the person making such appraisal would have to be produced and give his testimony in open court, and an opportunity for cross examination afforded. Disregarding the appraisal, there is no evidence of value in the said affidavit, and the question of adequacy of consideration is pertinent herein. No presumptions can be indulged in with reference to the value of the premises involved.

In conclusion, direct evidence is not always available to prove fraud as it must often be inferred from the facts and circumstances surrounding the transaction. Podolski v. Stone, 186 Ill. 540, 58 N.E. 340; Zwick v. Catavenis, 331 Ill. 240, 162 N.E. 869; Garlick v. Imgruet, 340 Ill. 136, 172 N.E. 164. In cases involving charges of fraudulent transfer, the underlying facts and circumstances will not appear upon the face of the transaction as its very purpose invites and contemplates secrecy and concealment. Many facts are locked within

the breast of the participants in the fraud and only the process of discovery afforded by the courts provide the means to demonstrate the fraudulent character of the transaction. The facts and circumstances are entirely within the knowledge of the participants and manifestly they would not reveal and disclose any fraudulent scheme in which they had participated. It is only by searching inquiry and a complete discovery that the character of the transaction may be revealed and the secrecy and darkness overhanging the transaction dispelled. In cases of claimed fraudulent conduct where a creditor or a trustee in bankruptcy is seeking a full and complete discovery with reference to transactions between blood relatives, the court would not feel warranted in granting a summary judgment as prayed for in this cause, especially as there are many facts and circumstances which may be shown with reference to the claimed fraudulent character of the conveyances attacked herein.

In cases where the information with reference to a claimed fraudulent transaction rests exclusively within the knowledge of the participants, such as in cases where a cestui que trust files a suit for discovery and an accounting against his trustee; in cases of creditors' suits by creditors or trustees in bankruptcy for a discovery of assets and to set aside claimed fraudulent transfers; in cases where a principal claims by suit that his agent has made a secret profit through transactions within the scope of his agency; in cases of a partnership accounting where one partner had exclusive management of the business and control of its records; and in other similar cases—it is apparent that it would be inequitable and unjust for the court to grant a motion for a summary judgment upon the affidavit of the defendant where the opposing party has no means to successfully meet the facts alleged in the affidavit. To so hold would be a denial of justice to a party who has presently not available the information with reference to the claimed fraud of the defendant. The even hand of equity requires that full opportunity be given to the plaintiff to a full disclosure of all of the facts and circumstances surrounding the conveyances involved herein. That disclosure and discovery cannot be obtained upon the affidavit of an interested defendant, as many times a legal and reasonable appearance is given to a fraudulent transaction for the

very purpose of asserting and maintaining that the transaction is legal. In the opinion of the court, equity and fairness requires that the motion of said John A. Riordon for a summary judgment should be denied.

For the same reasons above set forth, the motions of John Stuart Riordon, the son of the bankrupt, and Helen F. Riordon, his wife, should be denied.

An order will be entered herein overruling all of said motions for the entry of a summary judgment herein.