ALPHEUS McCRACKEN v. THOMAS B. HARNED.

Argued November 8, 9, 1900—Decided February 25, 1901.

1. An offer to enter into a contract must be accepted within a reasonable time in order to render it obligatory.
2. An option to sell at a fixed price an article of fluctuating value must be exercised promptly.
3. An option to deliver five thousand shares of corporate stock at fifty cents a share, "on or after three months from November 6, 1891," expired before April, 1898.

On contract. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON and COLLINS.

For the plaintiff, *Horace F. Nixon.*

For the defendant, *John F. Harned.*

The opinion of the court was delivered by

DIXON, J. This case was submitted to the jury by the trial justice upon a basis not warranted by the evidence.

The claim of the plaintiff was that in July, 1891, he had loaned the defendant $3,000, and in October, 1891, had received from him ten thousand shares of stock as collateral security for the loan; that in November, 1891, he had loaned the defendant $2,000 more, and then the defendant had handed him the writing of November 6th, 1891, as a proposition for him to consider. This writing is as follows:

"Nov. 6, '91.

"Whereas, Alpheus McCracken holds against me my due bill for $3000, which he has this day surrendered; and

"Whereas, said McCracken, at my request, has purchased 400 shares of the stock of United States Printing Telegraph

at $5.00 per share, and paid to the treasurer of the company the sum of $2000; and

"Whereas, in consideration thereof I have delivered to said McCracken 10,000 shares of the stock of United States Printing Telegraph Company under my agreement with him to average the cost of stock at 50c. per share; now

"Therefore, in consideration of said payments by said McCracken, I agree to guarantee him against one-half of any loss he may sustain by reason of said investment after three months from this date; that is to say, said McCracken can put to me and I agree to take from him at his request, on or after three months from date hereof, 5000 shares of said stock at cost thereof, to wit, 50c. per share, or any part thereof.

(Signed)    "THOMAS B. HARNED."

The plaintiff further claimed that he never accepted the propositions contained in this writing or assented to it as an agreement, and that, although, in December, 1893, he received from the defendant, by mail, a certificate for four hundred shares of the stock, yet he had never purchased such shares, and supposed they were sent to him as additional security.

· The contention of the defendant was that the writing of November 6th, 1891, was a contract then tendered by him to the plaintiff, which the latter thereupon accepted, and that the certificate for four hundred shares subsequently mailed to him was in completion of the purchase therein mentioned, for which the $2,000 paid by the plaintiff had been delivered to the treasurer of the company.

It further appeared that, after many efforts made by the parties to settle their differences, the attorney of the plaintiff, on April 13th, 1898, served on the defendant a written demand that he take and pay for the five thousand shares of stock provided for in the writing of November 6th, 1891.

On this state of the evidence the trial justice ruled that the demand of April 13th, 1898, was an acceptance of the agreement of November 6th, 1891, if the plaintiff had not accepted it before; that the defendant became bound by such demand

to receive and pay for the stock, and that the only question left for the jury was to determine the difference between the value of the five thousand shares on April 13th, 1898, and the $2,500 which the defendant had agreed to pay for them, which difference, with interest thereon, the plaintiff was held entitled to recover.

This ruling was erroneous.

In the first place, the testimony made it quite manifest that the demand of April 13th, 1898, was not intended to be an acceptance of the agreement set forth in the writing of November 6th, 1891, but was only a precaution in case that writing should be proved to have been an existing contract. If it was a contract at all, it had become so at its date, or certainly within a reasonable time thereafter (*Chicago, &c., Railroad Co.* v. *Dane,* 43 *N. Y.* 240; 7 *Am. & Eng. Encycl. L.* (*2d ed.*) 134); it could not be regarded as an offer, kept open for upwards of six years after it was tendered. If it was not a contract, then there appeared no valid answer to the plaintiff's claim that he had loaned the defendant $5,000.

In the next place, if this writing of November 6th, 1891, had become a contract at or soon after its date, then April, 1898, was too late for the exercise of the option which it had given the plaintiff of tendering to the defendant five thousand shares, at fifty cents a share, on or after three months from November 6th, 1891. The defendant swore that after 1891, and as late as 1896, the stock was salable at from one to two dollars per share, and certainly it would be unreasonable to permit the plaintiff to speculate upon it during that period at the risk of the defendant, and afterwards call on him to make good the loss. An option to sell at a fixed price an article of fluctuating value should be exercised promptly. *Hill* v. *Mathews,* 78 *Mich.* 377.

The validity of the plaintiff's claim turned upon his acceptance of the writing of November 6th, 1891. If he had not accepted it, then the defendant owed him $5,000 for money borrowed; if he had accepted it, then the defendant owed him nothing.

The rule for a new trial should be made absolute.