FUCHS, Respondent, vs. MEYER, Appellant.

*October 11—November 5, 1929.*

The cause was submitted for the appellant on the brief of *Aaron B. Rosenthal* of Milwaukee, and for the respondent on that of *John W. Burkhardt* of Milwaukee.

STEVENS, J.  The only question presented is whether the plaintiff has lost his right to have his money refunded because of the time that elapsed before he demanded the return of his money.

The paper here in question constituted an offer which imposed no liability upon the defendant until it was accepted by the plaintiff.  As the offer did not fix the time within which it must be accepted in order to constitute a binding contract, the law supplies the limitation that the offer must be accepted within a reasonable time.  "An acceptance . . . after the lapse of a reasonable time imposes no obligation upon the person making the offer."  6 Ruling Case Law, p. 610.

What is a reasonable time "depends upon the facts shown surrounding the particular transaction involved in any case." *Will of Dennett,* 196 Wis. 275, 284, 220 N. W. 538.  "An offer to buy or sell land would not require so prompt an acceptance as an offer to buy or sell chattels, corporate stock, etc., of a perishable character or of fluctuating value."  13 Corp. Jur. pp. 297–298.  "If the negotiation is in respect to an article stable in price, there is not so much reason for an immediate acceptance of the offer, and the same rule would not apply as in a case where the negotiation related to an article subject to sudden and great fluctuations in the

market." *Minnesota Linseed Oil Co. v. Collier White Lead Co.* 17 Fed. Cas. 447, 449.

In the case at bar the plaintiff permitted nearly four and one-third years to pass before attempting to accept the defendant's offer to repurchase the stock. During three and a half years of that time the stock paid dividends regularly. If the offer had been accepted during that period, the decline in the value of the stock would probably have been much smaller, if there was any decrease in value at all. Under such circumstances "certainly it would be unreasonable to permit the plaintiff to speculate upon it during that period at the risk of the defendant, and afterwards call on him to make good the loss. An option to sell at a fixed price an article of fluctuating value should be exercised promptly." *McCracken v. Harned,* 66 N. J. L. 37, 39, 48 Atl. 513, 514.

"Plainly, the offer was not to continue forever. The words 'at any time' do not import perpetuity; and if not, then the plaintiff was entitled only to a reasonable time; and, there being no facts in dispute, this was to be determined by the court. There was no acceptance within a reasonable time." *Park v. Whitney,* 148 Mass. 278, 280, 19 N. E. 161. See, also, *Starkweather v. Gleason,* 221 Mass. 552, 553, 109 N. E. 635.

The facts that fixed liability in *Will of Dennett,* 196 Wis. 275, 220 N. W. 538, are clearly distinguishable from those presented in the case at bar. In the *Dennett Case* the corporation was in need of money. Mr. Dennett was the president and principal stockholder of the company. In order to procure what was in substance a loan to the company he executed the agreement which was there in question. The medium used to secure this loan was preferred stock which could be retired by the company. The money was advanced to the corporation on the agreement that Mr. Dennett would

either procure the corporation to retire the stock or that he would purchase it himself. Mr. Dennett stood in the position of a guarantor of the obligation of the company to repay the loan by retiring this preferred stock, which obligation was binding on Mr. Dennett because his offer was accepted by purchasing the stock. That case was correctly decided, although the obligation of Mr. Dennett on his guaranty would undoubtedly have continued until barred by the statute of limitations, instead of being barred by the lapse of a reasonable time as was suggested in the opinion.

The case at bar does not involve stock which the company might be under obligation to redeem. The defendant did not guarantee or offer to guarantee any obligation of the company. His offer was one to purchase the stock. That offer was one which must be accepted within a reasonable time. Not having been accepted within a reasonable time, the attempted acceptance imposed no liability upon the defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.