McDONALD and others, Respondents, vs. VAN ETTA and others, Appellants.

*December 3, 1929—March 4, 1930.*

78

For the appellants there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Charles F. Smith.*

For the respondents there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee.*

The following opinion was filed January 7, 1930:

FOWLER, J. The plaintiffs seem to base their right to recover primarily upon the proposition that they were not bound to pay for their stock until the stock was actually delivered to them. This is erroneous. Under the contract, although it was not expressly so declared, delivery of the stock and payment for it were to be contemporaneous acts. Delivery was no more condition precedent to obligation to pay than payment was condition precedent to obligation to deliver. The mere fact that defendants did not have the stock ready to deliver on July 1st and did not then tender manual delivery of it was a mere technical breach of their

contract, not a substantial one, or such a one as to relieve the plaintiffs from their obligation of contemporaneous performance. The three letters referred to in the statement of facts show clearly that the plaintiffs could have had and knew they could have had their stock in August or at any reasonable time thereafter that they arranged for its payment and asked for it. These letters were a substantial and practical tender of performance by defendants. They were sufficient to put upon plaintiffs the duty to come forward with their money and ask for the stock if they wanted it. The plaintiffs could not after receiving these letters stand on mere punctilio and take the position, without informing defendants of it, that they would not pay for the stock until it was manually delivered to them. Their conduct under the circumstances amounted to a repudiation of the contract. They could not lie by for four years to find out whether the new corporation would be successful and make the stock worth buying at the agreed price, and then demand it. It is plain that from August to October and for some time thereafter the defendants were actively demanding performance and that the plaintiffs were stalling to avoid it. McDonald's absence in Michigan might properly excuse some, even considerable, delay, but it could not excuse a delay of four years. The recent case of *Fuchs v. Meyer,* 200 Wis. 103, 227 N. W. 265, is in point, wherein a delay of four years in demanding repurchase of stock under a contract for repurchase, the stock having become worthless in the meantime, was held to bar the plaintiff's right to recover. In actions at law to recover for breach of executory contracts, under which both parties, as here, have duties to be simultaneously performed, it is held in most jurisdictions that the plaintiff cannot recover unless he has tendered performance of his obligation before commencement of suit, while in others it is held that continued readiness and willingness to perform is all that is necessary. 21 Ency. Pl. & Pr.

pp. 544, 546. Here there was neither allegation nor proof of either tender of payment or of continued readiness and willingness to pay. At trial the case seems to have been considered one to compel either delivery of the stock or damages for non-delivery, which would make the case one in equity for specific performance, and the equitable principles governing such actions would then apply. The plaintiffs' conduct does not conform to those principles. He who seeks equity must do equity, and this the plaintiffs have not done. They belatedly sought to apply equitable principles by paying their $5,000 into court. Their delay in so doing was in line with their previous course of doing nothing unless compelled to act. It is not a universal rule that action for specific performance of a contract to transfer corporation stock lies. In some jurisdictions it does, and in others not. 36 Cyc. 560, 561. Whether it lies in this jurisdiction is not necessary to determine, for, considering the action as one at law, continued readiness and willingness of plaintiffs to perform not only is not shown but appears quite conclusively not to have existed.

We conclude that the judgment should be reversed, with directions to dismiss the complaint on the merits.

*By the Court.*—It is so ordered.

A motion for a rehearing was denied, with $25 costs, on March 4, 1930.