## SHULTZ et al. v. MANUFACTURERS & TRADERS TRUST CO. et al.
### (two cases).

Equity No. 2279.
Civ. No. 182.

District Court, W. D. New York.
March 13, 1940.

Jules C. Randal, of Buffalo, N. Y., for plaintiffs.

Babcock, Hollister, Newbury & Russ, of Buffalo, N. Y., for Manufacturers & Traders Trust Co. and others.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for defendant Chisholm and others.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., for defendant Sawyer.

Larkin, Rathbone & Perry, of New York City, for defendants Eastman and others.

BURKE, District Judge.

These two suits which have been consolidated by order of this Court are brought by the widow and son of the decedent Albert P. Shultz as executors against the Manufacturers and Traders Trust Company individually and as co-executor and against numerous officers and directors of the bank and various other persons. The decedent was the owner of 46% of the common stock of Houde Engineering Company. The basis of the suits is the alleged conspiracy and fraud upon the part of the bank, its officers and directors in fraudulently contriving to obtain from the decedent and other owners of Houde stock, and ultimately securing from them by fraudulent representations, what is claimed to be an exclusive agreement of agency, by the terms of which the bank undertook to secure for the Houde stock holders on a commission basis, a purchaser for their stock at an aggregate price of not less than $4,000,000. It is alleged that the bank and its officers having secured such agreement began to act not as agents in accordance with the agreement but to fraudulently secure such stock for itself, its officers and directors through a nominal purchaser for resale at a profit. It is alleged that the fraudulent plan was carried out through devious means to the profit of the defendants and the stock re-sold at a price far in excess of its true value and of that paid by the nominal purchaser secured by the bank. The plaintiffs seek recovery of upwards of $10,000,000. An accounting for the profits realized by the defendants is demanded. These transactions took place in 1928. The decedent died in 1932. The claim is that the fraud was not discovered by the decedent, nor by the plaintiffs until shortly before these actions were commenced which was in 1938.

The defendants deny the allegations of fraud, allege full knowledge of the transactions by the decedent and assert that the actions are barred by the Statute of Limitations. After issue was joined the defendants moved for summary judgment upon the grounds that the actions are barred by the Statute of Limitations, that the decedent participated in the transactions with full knowledge of all the facts, that the plaintiffs' right to maintain the actions are barred by estoppel, waiver, acquiescence, ratification and laches, and that there is no genuine issue of fact for trial. This motion was made upon numerous affidavits and documents. The plaintiffs moved to defer consideration of the motion for summary judgment upon the ground that they were unable to secure affidavits in opposition to the motion for summary judgment because all of the persons with knowledge of the facts were either defendants or had made affidavits for the defendants. They asked therefore that they be allowed to take the testimony by deposition of numerous persons for the purpose of opposing the motion for summary judgment.

The Court denied that motion without prejudice to the plaintiffs to renew the same upon certain specified conditions, namely, that they point out specifically facts or information which would justify a belief as to the allegations of the complaint and that they point out specifically the persons whose depositions they wished to take and the issues as to which they were to be examined. Although the plaintiffs, on renewal of the motion, did not comply in all respects with the conditions imposed by the Court, I am of the opinion that the material in support of the motion did at least make out a prima facie showing of merit.

The plaintiffs' application to defer consideration of the motion for summary judgment is granted to afford plaintiffs an opportunity to take depositions. Plaintiffs' claim is that the documents in support of the motion for summary judgment are but a part of the scheme of fraud. It is at least conceivable that certain of the circumstances surrounding the transactions claimed to constitute fraud may not be developed without an opportunity for cross-examination of the interested parties.