SHULTZ et al. v. MANUFACTURERS & TRADERS TRUST CO. et al.
(two cases).

Eq. No. 2279; Civ. No. 182.

District Court, W. D. New York.

Sept. 17, 1940.

Jules C. Randal, of Buffalo, N. Y., for plaintiffs.

Babcock, Hollister, Newbury & Russ, of Buffalo, N. Y., for Manufacturers & Traders Trust Co. and others.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for defendant Chisholm and others.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., for defendant Sawyer.

Larkin, Rathbone & Perry, of New York City, for defendants Eastman and others.

BURKE, District Judge.

This is a motion by the defendants for summary judgment dismissing the complaints in two causes which have been consolidated by order of this Court. A brief summary of plaintiffs' claim is set forth in an opinion allowing plaintiffs the right to take depositions for the purpose of opposing the motion for summary judgment. Shultz v. Manufacturers & Traders Trust Company et al., D.C., 32 F.Supp. 120. The alleged basis of these actions is a complex and intricate scheme of fraud. The complaints name thirty-five defendants. The papers originally submitted in support of the motion for summary judgment consist of affidavits and documents attached thereto which comprise approximately five hundred printed pages. Plaintiffs pursuant to the Court's order have caused depositions to be taken of numerous witnesses and parties to the action. More than four thousand typewritten pages of testimony have been taken. Approximately five hundred exhibits were marked for identification. A large number of them have been offered as part of the record on this motion. The record has been further supplemented by additional affidavits presented by both plaintiffs and defendants.

In my opinion the procedure for summary judgment provided by the Federal Rules of Civil Procedure, was not intended to function in such a complicated case. The transactions which form the basis of the complaints and decedent's knowledge of them are entirely too involved to be disposed of in such a summary manner. This is not a case where documentary evidence alone is made the basis of the relief asked.

452

The granting of summary judgment is a drastic remedy. It is a wholesome one where applicable to the circumstances. It is never warranted except upon a clear showing that no genuine issue as to any material fact remains for trial. One of the substantial issues of fact is whether the decedent participated in the transactions which form the basis of the complaints with knowledge of the facts or with sufficient knowledge of the facts to put him on inquiry. That must be resolved not upon affidavits as to the decedent's knowledge of the facts but upon the facts and circumstances shown to exist. The facts and circumstances will be determinative as to decedent's knowledge of them. It cannot be said in this case that there is no dispute as to the facts and circumstances in the light of the record on this motion. The issues for trial are those raised by the pleadings without limitation.

The motion for summary judgment is denied.