## HOFFMAN v. PARTRIDGE.

### No. 9750.

United States Court of Appeals
District of Columbia Circuit.
Argued Nov. 8, 1948.
Decided Jan. 3, 1949.

Mr. Irving B. Yochelson, of Washington, D. C., with whom Messrs. Wilbur L. Gray, Solomon Grossberg and Isadore Brill, all of Washington, D. C., appeared on the brief, for appellant.

Mr. Daniel Partridge, III, of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The United States District Court for the District of Columbia granted summary judgment to Mrs. Grace Partridge, who, as plaintiff, sought damages from Mrs. Helen Draper Hoffman for breach of a contract to sell and convey real estate. Then, after hearing evidence, the court awarded damages in the sum of $15,200 plus title expense. Mrs. Hoffman appeals.

The appellant was the owner of a seventeen-room residence in Chevy Chase, which was quite old and badly in need of repairs. She authorized Mrs. Partridge, a real estate sales agent, to sell the house and lot for $34,000, less a commission of five per cent of that sum. Having tried unsuccessfully to find a purchaser at the authorized price, Mrs. Partridge decided to buy the property for her own account. Accordingly, on May 19, 1946, she called on Mrs. Hoffman, who was an elderly woman confined to her bed by illness, and presented to her a written offer to purchase the property for $32,300, to be paid in this manner: $2,000 tendered with the offer, $1,300 to be paid in cash at the time of conveyance, a first deed of trust of approximately $17,000 to be assumed, and the balance, in the sum of approximately $12,000 payable over a long term, to be secured by a second deed of trust. Mrs. Partridge explained that $32,300 was the amount which Mrs. Hoffman would have received had she sold the property to a customer and deducted the agreed commission.

The offer included these words:

"* * * The seller agrees to deliver her permit from the D. C. for the installation of an additional kitchen in the house, making it a two family dwelling. This offer expires at 6 PM May 20th 1946."

Mrs. Hoffman's signature appears at the foot of the document with the date "May 21, 1946" before it. The appellant did not convey the property to the appellee but on May 23, 1946, conveyed it to a third person for $34,000 in cash, which included payment of the mortgage debt of about $17,000. Mrs. Partridge then instituted this suit in which she alleged the property had a value of approximately $47,500 on May 19, 1946, and that she had therefore been damaged

in the sum of $15,200 by the appellant's failure to convey to her.

The appellant points out that the property is not in the District of Columbia but is in Maryland in an area restricted to one-family dwellings and consequently argues that performance was impossible because the house could not be used as a two-family dwelling. She also urges that the appellee's offer to buy which specified a time for its duration terminated by the lapse of the time specified therein, and that it could not be accepted thereafter.[1] The appellee sought to avoid the application of that principle by testifying that both parties were confused as to the day of the month and that actually the contract was signed by both on May 19, 1946.

We are not now concerned with those questions, nor with others which inhere in the record, such as the propriety of the measure of damages, because we think the District Court erred in granting summary judgment to the plaintiff.

The answer, which was twice amended, contained the defendant's averment "that she does not know whether or not she signed a contract with the plaintiff, a copy of which is attached to the complaint as Exhibit 'A'." It was also alleged:

"That in the month of May, 1946, the plaintiff, who was then unknown to the defendant, called at the home of the defendant, at which time the defendant was seriously ill and confined to her bed. The illness of the defendant was such that she was unable to think clearly or to understand fully the discussions she then had with the plaintiff.

"Plaintiff then represented to the defendant that she was a real estate broker in the District of Columbia and desired either a listing to sell premises numbered 8 Lenox Street, Chevy Chase, Maryland, for the defendant, or an option to sell the same for the period of one day. It was the defendant's belief that the instrument she executed at the request of the plaintiff, and which she was unable then to read and understand because of her physical condition, contained an authority to the plaintiff to list said property for sale or a one day option to sell the same. The defendant avers that it never was her intention to sell the property to the plaintiff upon the terms set forth in the alleged contract attached to the plaintiff's complaint."

The appellee insists these allegations do not tender a genuine issue of material fact because physical incapacity does not necessarily produce incapacity to contract. But, as held in Mead v. Gilbert, 170 Md. 592, 185 A. 668, cited by the appellee, the physical condition of a grantor in a deed or a testator in a will is material and relevant if the physical condition did in fact affect the mental condition of the grantor or testator.

We said in Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 21, 154 F.2d 20, 21,

" * * * it is well established that one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and that any doubt as to the existence of such an issue is resolved against the movant. The courts are quite critical of the papers presented by the moving party, but not of the opposing papers."

Here the fair import of the defensive pleading is that, as a result of her physical illness, Mrs. Hoffman was unable fully to understand the transaction and the import of the contract which she signed. There was thus presented a genuine issue of material fact. Summary judgment was erroneously awarded to the plaintiff.

Reversed.

[1] Waterman v. Banks, 1892, 144 U.S. 394, at page 402, 12 S.Ct. 646, 36 L.Ed. 479; Fisher Iron & Steel Co. v. Elgin, J. & E. Ry. Co., 7 Cir., 1939, 101 F.2d 373; Rice Lands & Product Co. v. Blevins, 1923, 61 Cal.App. 536, 215 P. 402; Wood & Brooks Co. v. D. E. Hewitt Lumber Co., 1921, 89 W.Va. 254, 109 S. E. 242, 19 A.L.R. 467; Fuchs v. Meyer, 1929, 200 Wis. 103, 227 N.W. 265.