**UNITED STATES v. GENERAL RY. SIGNAL CO. et al.**
Civ. No. 5237.

United States District Court
W. D. New York.
Nov. 17, 1952.

---

5. See Reporter's Transcript of Stipulation, Sept. 8, 1952.

Philip B. Telman, Acting Atty. Gen., Donald P. McHugh, Sp. Asst. to Atty. Gen., George L. Grobe, U. S. Atty., for the Western Dist. of New York, Buffalo, N. Y., for plaintiff.

Raichle, Tucker & Moore, Buffalo, N. Y., for defendant General Ry. Signal Co., Frank G. Raichle, Mac Asbill and Willis B. Snell, III, Washington, D. C., of counsel.

KNIGHT, Chief Judge.

Defendant General Railway Signal Company has moved for a summary judgment in its favor as matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that there is no genuine issue as to any material fact.

For convenience, General Railway Signal Company will be referred to as "General"; Westinghouse Air Brake Corporation as "Union" (Union Switch & Signal Company having changed its name and finally become Union Switch and Signal Division of Westinghouse Air Brake Corporation), and Western Railroad Supply Company as "Western". Railroad Accessories Company seems to have licensed certain patents to Railroad Supply Company. Railroad Supply Company appears to have become bankrupt, its assets purchased by General and General having sold the accessories portion of the bankrupt estate to Western.

The motion is based on the affidavits of H. W. Chamberlain, Neil D. Preston, Stanley E. Gillespie and Paul Renshaw filed with the moving papers on September 23, 1952, and a supplementary affidavit of H. W. Chamberlain filed at the close of the more than two hour argument of the motion on October 14, 1952.

Plaintiff filed the affidavit of Donald P. McHugh, its counsel, on the date of the argument.

Movant and plaintiff each filed briefs at the close of the argument, and thereafter supplemental briefs were filed by movant on October 21, 1952, and by plaintiff on October 27, 1952. The matter was thereupon submitted.

Violation of the Sherman Act, 15 U.S. C.A. §§ 1 and 2, by a "combination and conspiracy in restraint of, in a combination and conspiracy to monopolize, in an attempt to monopolize and in monopolization" of interstate trade and commerce in grade crossing devices seems to have been alleged in the complaint filed April 2, 1952. Nothing was done by movant to attack the complaint for insufficiency. On August 27, 1952, movant filed its answer which, in effect, put in issue every essential allegation of the complaint and further alleged "other defenses" in amplification of its previous denials and as justification of its contention that it had not violated the provisions of the Sherman Act.

The affidavits filed by movant are in great detail, with voluminous exhibits attached. By its briefs filed and the oral argument had, movant seems to have exhausted every possible reason for the granting of its motion. Plaintiff has to rely upon its discovery from whatever source it may come for its cause of action for conspiracy to monopolize trade in violation of the Sherman Act. Generally, in anti-trust violations, the only source of evidence open to the plaintiff must come from the defendants, and from their acts, conduct, speech, writings and documents. To the McHugh affidavit are attached photostatic copies of papers obtained from the files of the defendants and they are offered as evidence of the existence of a genuine issue of material facts. During the oral argument movant's counsel suggested that the exhibits so offered were hearsay and not properly before the Court. The Court for the purposes of the motion accepts the source and validity of the ex-

hibits as stated in the plaintiff's affidavit. There is no denial or attack by any affidavit filed by movant as to the correctness of those exhibits or as to the propriety of their possession by plaintiff. It appears from the McHugh affidavit that those exhibits were either copies delivered voluntarily to plaintiff or the government agents were voluntarily permitted by defendants to "make photostatic copies thereof." Upon a trial, of course, the proof of their source would be made and the surrounding circumstances would be related by witnesses having actual knowledge of the facts. This is not a trial.

Where the matters are so involved as they are here, it is possible that affiants may not have been called upon to give information in some instances within their particular knowledge, while others may properly deny knowledge to a pertinent matter. Only by examination of the witnesses at a trial may such information be gleaned. Radio City Music Hall Corp. v. United States, 2 Cir., 135 F.2d 715; Bucky v. Sebo, D.C., 97 F.Supp. 277, 279; Garner v. Triangle Publications, D.C., 97 F. Supp. 546; Shultz v. M & T Trust Co., D.C.W.D.N.Y.1940, 1 F.R.D. 451. The Court should not be in haste to grant summary judgment. Unless there exists a genuine issue of a material fact, it would be wasteful to deny such a motion. Hoffman v. Partridge, 84 U.S.App.D.C. 224, 172 F. 2d 275; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101, 105–106; Swift & Co. v. United States, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518.

Plaintiff has not relied exclusively upon the allegations of the complaint but has presented the affidavit of Mr. HcHugh with its several exhibits attached, many of which need to be explained. For instance, in the affidavit of Paul Renshaw on behalf of movant, the following statement appears:

"General has never had any agreement, understanding, or other relation or transaction, with Union or any other person or party, concerning the creation of Western, or concerning any aspect of the business or management of Western. General has never

entered into any agreement or understanding with Western, Union or any other person or party which restricts, controls or allocates in any way the manufacture or sale by General or by any other person or party, of any highway crossing protective device, or any component part thereof."

A confirming statement appears in the supporting affidavit of H. W. Chamberlain.

Movant asserts that there is no dispute as to the evidentiary facts and that the only inference which can be drawn by the Court from the facts is that movant has never been a party to any conspiracy and is entitled to summary judgment in its favor. Despite such contention by movant, the affidavits and briefs filed and the oral arguments of plaintiff and movant are replete with allegations, statements and discussion to the contrary.

It was held in United States v. Bausch & Lomb Optical Co., D.C.S.D.N.Y., 3 F.R. D. 331, 334, Leibell, J., writing:

"* * * agreements legal on their face, may be used as part of an unlawful conspiracy to violate the provisions of the Sherman Anti-Trust Act. But to so hold requires an inquiry into relevant facts as to the real intention of the parties and the effect of their acts."

The facts and circumstances surrounding those exhibits should be shown so that all of the relevant evidence essential to a proper determination of the action may be obtained. They should not be interpreted or determined on this motion. The interest and credibility of those witnesses should be tested by cross-examination.

Having in mind the pleadings, and the affidavit of McHugh with its exhibits and the briefs of plaintiff claiming the existence of collaboration between Mr. Gort of Western and the officials of General and Union, and the co-operative agreements by both Union and General in the creation and operation of Western in face of the denials of any agreement or understanding by movant contained in the affidavits of Renshaw and Chamberlain, there is indicated a sharp dispute between the par-

ties. Other differences seem to exist such as the interpretation of certain agreements, letters, memoranda, assignments of licenses and the conduct of the defendants. One exhibit attached to the McHugh affidavit indicates that movant's officers and employees were conscious of possible violation of the anti-trust laws in their dealings relative to competition, even going so far as to suggest a manner of avoiding infraction of those laws. However, the matter before the Court seems to be very close.

The Court of Appeals, Second Circuit, in Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135, has pointed the way as follows:

"We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, * * *." And see Arnstein v. Porter, 2 Cir., 154 F.2d 464, 474; Colby v. Klune, 2 Cir., 178 F.2d 872, 873.

■ The correspondence between Gort, Smith, Gillespie and Chamberlain in reference to the sale of General's latest type gate (involving the Sampson patent) to Boston & Maine Railroad is significant and leaves one in "doubt as to the facts." The determination of this motion in favor of movant might require the Court to draw an inference of fact which is disputed. Upon an inference of fact, summary judgment would be improper. Gray Tool Co. v. Humble Oil & Refining Co., 5 Cir., 186 F.2d 365; Hummel v. Riordan, D.C., 56 F.Supp. 983; Greenleaf v. Brunswick-Balke-Collender Co., D.C., 79 F.Supp. 362, 365. Movant has the burden of demonstrating clearly that there is no genuine issue of a material fact to be determined. Hoffman v. Partridge, 84 U.S.App.D.C. 224, 172 F.2d 275.

■ Conspiracy, ordinarily, is not proved by direct evidence in the manner as is an action on a written contract. The very nature of conspiracy has its base in secrecy toward the party to be duped or the law to be evaded and can only be established by piecing together the frag-

ments of evidence as to conduct, speech and writings of the parties to the conspiracy. Interstate Circuit v. United States, 306 U.S. 208, 59 S.Ct. 467, 83 L.Ed. 610. The various agreements between the defendants, their correspondence and notations found in their files, copies of many of them being attached to the McHugh affidavit should be explained by the authors, at least, and, perhaps, by the officers and agents of the parties who could reap any benefit where such persons have knowledge of the facts and the rules of evidence are observed.

■■ If movant should submit its case to this Court upon the affidavits and pleadings now before it on this motion, gross injustice might be done. The Court is not called upon to pass upon the facts here but only as to whether there is a genuine issue as to a material fact. Not all of the facts which a formal trial would produce are before the Court and the Court has a slight doubt, at least, as to the facts. In such circumstance, this is not a proper case for summary judgment. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 474; Colby v. Klune, 2 Cir., 178 F.2d 872, 873.

Motion of defendant General Railway Signal Company for summary judgment in its favor is denied.