**Phillip Ross et al., Appellees, v. St. Clair Foundry Corporation, Appellant.**

Opinion filed May 29, 1933.

W. G. Murphy, for appellant.

Wilson & Wilson and Kramer, Campbell, Costello & Wiechert, for appellees.

Mr. Presiding Justice Barry delivered the opinion of the court.

In 1923 Richard Wiechert was president and S. A. Ross, appellee, was secretary of the appellant. The corporation was in need of funds and the president requested Mr. Ross to secure $1,000 for its use. Mr. Ross and his father Phillip Ross went to the bank and borrowed that amount on their own note and deposited $1,000 to the credit of appellant. That note was renewed every 90 days until late in 1929. By mutual agreement between the parties appellant paid the interest directly to the bank instead of paying it to appellees. During all of that time Mr. Wiechert continued to be president of appellant. About every time the note came due he admitted that the debt to appellees was due and that appellant would pay it when it was in a position to do so. Such a promise was made as late as the winter of 1928. After Mr. Ross severed his connection with appellant, appellant paid no further interest. The last interest paid by appellant was on September 28, 1929. Appellees then paid the bank the amount of the note and sued appellant. A jury was waived and appellees recovered a judgment for $1,185.26.

On the trial appellant offered no evidence. It filed a plea of the general issue and a plea of the five-year statute of limitations. An unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, is sufficient to revive the debt against the Statute of Limitations; *Sneed v. Parker,* 262 Ill. App. 333; *Carroll v. Forsyth,* 69 Ill. 127. If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied; *Walker v. Freeman,* 209 Ill. 17.

Under the law and the evidence the statute of limitations presents no defense to the action. Some complaint is made in regard to the rulings of the court on the admission and exclusion of evidence but there is no reversible error and the judgment is affirmed.

*Affirmed.*