Manuel PANTOJA, Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,
Defendant.

No. 13 C 7667

United States District Court,
N.D. Illinois, Eastern Division.

Signed January 14, 2015

744

Ahmad Tayseer Sulaiman, First, Matthew H. Hector, Mohammed Omar Badwan, Daniel John McGarry, Sulaiman Law Group, Ltd., Oak Brook, IL, for Plaintiff.

David M. Schultz, Avanti Deepak Bakane, Palak Naimesh Shah, Hinshaw & Culbertson, Chicago, IL, for Defendant.

## *ORDER*

Robert W. Gettleman, United States District Judge

Plaintiff Manuel Pantoja has brought a two count complaint against defendant Portfolio Recovery Associates, LLC alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count I), and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (Count II). Both counts are based on a dunning letter sent to plaintiff by defendant by which defendant sought to collect on a time-barred debt. The parties have filed cross-motions for summary judgment. For the reasons described below, plaintiff's motion for summary judgment is granted as to Count I. Defendant's motion for

summary judgment is granted as to Count II.[1]

## BACKGROUND

In 1993 plaintiff applied for a credit card from Capital One Bank (US) N.A. He was approved for the card but never activated the account and never used the card. Sometime in 1998 Capital One contacted plaintiff seeking to collect unpaid annual fees, activation fees and late fees.

On April 17, 2013, defendant sent plaintiff a collection letter attempting to "settle" the debt. The letter indicates that Capital One was the original creditor and sets out various "settlement options." The letter further provides:

> We are offering to settle this account FOR GOOD! Life happens and at times you may fall behind on your commitments. We understand and are offering you the opportunity to lock in this settlement offer with a low down payment of $60.00. If settling this account with the options that we are offering is difficult for you, give us a call.
>
> \* \* \*
>
> Please understand, we can't help you resolve this debt if you don't call, our friendly representatives are waiting. Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency.

## DISCUSSION

The parties have filed cross-motions for summary judgment on Count I, and defendant also seeks summary judgment on Count II. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). The movant bears the burden of establishing both elements. *Becker v. Tenenbaum–Hill Assocs., Inc.,* 914 F.2d 107, 110 (7th Cir.1990), and all reasonable inferences are drawn in the non-movant's favor. *Jones v. Illinois Bell Telephone Co.,* 2013 WL 578184 \*3 (N.D.Ill. Oct. 24, 2013) (citing *Fisher v. Transco Services–Milwaukee, Inc.,* 979 F.2d 1239, 1242 (7th Cir.1992)). If the movant satisfies its burden, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Nitz v. Craig,* 2013 WL 593851 \*2 (N.D.Ill. Feb. 12, 2013). In doing so, the movant cannot simply show there is some metaphysical doubt as to the material facts. *Pignato v. Givaudan Flavors Corp.,* 2013 WL 995157 \*2 (N.D.Ill. Mar. 13, 2013) *(citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

### Count I

Count I alleges that the letter is a "deceptive communication" prohibited by the FDCPA. 15 U.S.C. § 1692e(10). To establish a prima facie case under the FDCPA plaintiff must prove that he is a natural person or "consumer" who is harmed by violations of the FDCPA; that the debt arises from a transaction entered for personal, family or household purposes; that defendant is a debt collector; and that defendant has violated a provision of the FDCPA. *Freeland v. Kulak,* 2013 WL 6036841 \*3 (N.D.Ind. Nov. 13, 2013). Plaintiff has proven all the necessary elements.

First, there is no dispute that plaintiff is a natural person and consumer. Defendant incorrectly argues that plaintiff has not established that the account at

---

1. Plaintiff's one paragraph motion indicates that he is moving for summary judgment on both counts. His briefs indicate, however, that he seeks summary judgment on Count I only.

issue is a consumer debt. The undisputed evidence shows that the credit card was issued to plaintiff personally and that although he never used it, the charges at issue are for the activation, fees and late fees, and were assessed on that card. There is no evidence in the record to even remotely suggest that the card was issued for anything other than household purposes.

Next, defendant argues that the letter is not deceptive on its face. This argument is specious at best. The letter does not indicate when the debt was incurred, only that "[b]ecause of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." The letter is deceptive because it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it, rather, it implies that defendant has chosen not to sue. Nor does it tell plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt. *Phillip Ross v. St. Clair Foundry Corp.*, 271 Ill.App. 271, 273 (4th Dist.1933); *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir.2014). Defendant's argument that the statute of limitations is not revived because its policy is not to revive time-barred debts is pure sophistry. The debt is revived by operation of law, not at defendant's election. Offering to settle a legally unenforceable debt violates the statute. 15 U.S.C. § 1692(d)(2)(A); *McMahon*, 744 F.3d at 1020.

■■■ In deciding whether a dunning letter is misleading, the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived. *McMahon*, 744 F.3d at 1019. The court views the letter through the prospective of an "unsophisticated consumer." *Id.* "The unsophisticated consumer may be uniformed, naive, and trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir.2012) (internal quotations in citations omitted). To violate the act, the letter must be confusing to a significant fraction of the population. *Id.*

■■■ Whether a dunning letter is confusing is generally a question of fact. *Id.*; *McMahon*, 744 F.3d at 1020. As noted in *Lox*, however, some letters are "plainly deceptive or misleading, and therefore do not require any extrinsic evidence in order for the plaintiff to be successful." *Lox*, 689 F.3d at 822. "Cases involving plainly deceptive communications fall into a third category, one where we will grant summary judgment for the plaintiffs without requiring them to prove what is already clear." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 801 (7th Cir.2009).

The instant letter is such a communication. Upon receipt of the letter the only reasonable conclusion that an unsophisticated consumer (or any consumer) could reach is that defendant was seeking to collect on a legally enforceable debt, even if defendant indicated that it chose not to sue. Nor would a consumer, sophisticated or otherwise, likely know that a partial payment would reset the limitations period, making that consumer vulnerable to a suit on the full amount. *McMahon*, 744 F.3d at 1021. The language included in defendant's letter that it will not sue because of the age of the debt appears to be taken from a consent decree entered in *United States v. Asset Acceptance LLC*, No. 8:12–CV–182–T–27–EAJ (M.D.Fla. 2012). Defendant's letter conveniently ignores, however, the immediately preceding sentence in that consent decree, which provides: "The law limits how long you can be

sued on a debt." The inclusion of this language informs the recipient that it cannot be sued on the debt. The failure to include such language by the instant defendant makes the instant letter deceiving.

Because plaintiff has established all elements of his claim, his motion for summary judgment on Count I is granted.

### Count II

■ Count II asserts a claim under the ICFA. To establish his claim plaintiff must show: (1) a deceptive or unfair act or promise by defendant; (2) defendant's intent that plaintiff rely on the deceptive or unfair practice; and (3) the unfair practice occurred during the course of conduct involving trade or commerce. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir.2012).

■ Defendant argues that plaintiff failed to prove this claim for the same reasons that it argued plaintiff failed to establish Count I. Defendant's arguments fails for the reasons stated above. Defendant is correct, however, that plaintiff has failed to establish any actual damage as a result of defendant's violations. He has not established any pecuniary loss. *See Aker v. Bureaus Inv. Group*, 12–3633, Slip. Op., 2014 WL 4815366 (N.D.Ill. September 29, 2014); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir.2014). Because plaintiff has no evidence of pecuniary loss, defendant's motion for summary judgment on Count II is granted.

### *CONCLUSION*

For the reasons set forth above, plaintiff's motion for summary judgment is granted on Count I as to liability. Defendant's cross-motion for summary judgment on Count II is granted. This matter is set for a prove-up of damages and attorney fees on February 19, 2015, at 9:00 a.m. All documents in support of the prove-up are to be filed by February 12, 2015.