Jerold S. RAWSON, on behalf of himself and a class, Plaintiff,

v.

SOURCE RECEIVABLES MANAGEMENT, LLC, Resurgent Capital Services, L.P., Defendants.

Case 11 C 8972

United States District Court, N.D. Illinois, Eastern Division.

Signed January 6, 2016

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Sarah Margaret Barnes, Tiffany Nicole Hardy, Edelman, Combs, Latturner & Goodwin LLC, Chicago, IL, for Plaintiff.

## ORDER

Elaine E. Bucklo, United States District Judge

Plaintiff Jerold S. Rawson complains on behalf of himself and a class that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., in two respects. In Count I of his complaint, he claims that defendants unlawfully failed to identify the current owner of the debt they sought to collect, and in Count II, he asserts that defendants engaged in unfair and deceptive acts and practices by seeking to collect time-barred debts without disclosing that the debts were not legally enforceable.[1] I previously denied defendants' motion to dismiss the complaint and granted plaintiff's motion for class certification. *See* DN 84, 162. Now before me are cross motions for summary judgment on the issue of liability. For the reasons that follow, I grant plaintiff's motion and deny defendants' motion.

### I.

On or about November 2, 2011, defendant Source sent plaintiff a dunning letter seeking to collect a debt on which the statute of limitations had already expired. At the top of the letter were four fields containing information about the alleged debt. These fields were labeled: "Account # ," "Client," "Client Acct # ," and "Current Balance." The field labeled "Client"

---

1. References to "complaint" refer to plaintiff's Corrected Third Amended Complaint.

identified Resurgent Capital Services LP as the client.

The text following the greeting reads as follows:

RESURGENT CAPITAL SERVICES LP has placed your account with Source Receivables Management to recover the above referenced Amount Due. To avoid further collection efforts, please contact us at the number listed below to make arrangements for payment or remit the balance of the Amount Due to the address provided on the remittance coupon below.

\*\*\*

Source Receivables Management
877–251–3771

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to the Amount Due.

Cmplt., Exh. A. The letter did not indicate when the debt was incurred, nor did it disclose that the debt was time-barred. Defendants do not dispute that plaintiff believed the letter implied or threatened that a lawsuit would be filed against him on the debt. Rawson Dep., Pl.'s L.R. 56.1 Stmt, Appx. 13, at 45:8–10.

It is undisputed that the letter did not identify the current owner of the debt, which is defendant LVNV. The only entity other than Source that the letter named was defendant Resurgent, which the letter referred to accurately as Source's "Client." The name of the current owner of the debt, defendant LVNV, did not appear anywhere. Plaintiff testified that he had "a very hard time" identifying the debt referenced in the letter, but that he was ultimately able to identify it as credit card debt he had incurred in the 1990s and defaulted on in or around 1998. *Id.* at 40:4, 41:20–24. Plaintiff could not recall the charges he had made on the credit card, *id.* at 50:24, but he stated without contradiction that the debt was incurred for personal, family, or household expenses and not for business purposes. Rawson Decl., Pl.'s L.R. 56.1 Stmt., Appx. 11.

II.

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the movant's admissible evidence establishes an entitlement to judgment as a matter of law. Fed.R. Civ. P. 56(a). If the movant carries this burden, the non-movant must point to specific facts in the record to controvert the movant's evidence. *Becker v. Tenenbaum–Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir. 1990). An issue is genuinely in dispute only if there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

To prevail under the FDCPA, plaintiff must prove that he is a "consumer" who was harmed by violations of the FDCPA; that the alleged debt arises from a transaction entered for personal, family or household purposes; that defendants are debt collectors; and that defendants have violated a provision of the FDCPA. *See Pantoja v. Portfolio Recovery Associates, LLC*, 78 F.Supp.3d 743, 745 (N.D. Ill. 2015).

On its face, the FDCPA requires that a debt collector's initial communication with a debtor disclose the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2). The statute further proscribes the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among the practices the statute prohibits are "false representation of the character, amount or legal status of

any debt, § 1692e(2)(A); threat to take any action that cannot legally be taken, § 1692e(5); and use of any false representation or deceptive means to collect or attempt to collect any debt, § 1692e(10)." *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1019 (7th Cir. 2014).

 As noted above, there is no dispute that Source's letter to plaintiff failed to disclose LVNV as the current creditor. Defendants nevertheless insist that they are not liable for this omission, first because plaintiff has not shown that the failure to name LVNV caused the letter to be misleading, and second because the undisputed record compels the application of the bona fide error defense to liability. Neither of these arguments is persuasive. The first falls short because on its face, the FDCPA explicitly requires debt collectors to disclose the identity of the creditor. Plaintiff need not show, in addition, that the failure to identify the creditor caused the letter to be misleading, and defendants offer no support for that suggestion. To the contrary, they acknowledge that the "plain statutory language" of Section 1692g "specifically requires" the debt collector to identify the "name of the creditor to whom the debt is owed." Def.'s Reply, at 15. The letter plaintiff received unquestionably violated the statute by failing to identify LVNV.

 Defendants' second argument is meritless. To escape liability pursuant to the bona fide error defense, defendants must establish that the violation "(1) was unintentional, (2) resulted from a bona fide error, and (3) occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such error." *Ruth v. Triumph Partnerships,* 577 F.3d 790, 803 (7th Cir. 2009). Defendants argue that Source used a form template to generate the letter plaintiff received, and that "a

typo in the computer code in Source's production system" "mistakenly inserted Resurgent as the name of the current owner field in the letter template." Def.'s Mem., at 4. But the letter does not contain any field labeled "current owner." Resurgent's name appears in a field labeled "Client," which defendants acknowledge is a *correct* designation. The letter does not erroneously identify Resurgent as the debt's owner; it correctly identifies Resurgent as Source's client, while failing to identify the current owner of the debt at all. In short, defendants' explanation for how the violation occurred does not withstand scrutiny.

Moreover, I agree with plaintiff that the record does not establish that defendants maintained procedures "reasonably adapted to avoid" the kind of error it claims caused the violation. Defendants' 30(b)(6) witness testified, in the most general of terms, that "Resurgent's audit team" reviews "a sample of accounts by the servicer," in which "one of the things they check for is to make sure that the servicer is listing the current—the correct owner of the account." Emmerich Dep., Pl.'s L.R. 56.1 Stmt., Appx. 3, at 57:6–10. But the witness testified elsewhere that Resurgent does not "review the form of debt-collection letters used by Source before they are sent out," and that when problems arise, Resurgent brings the issue to Source's attention, but then "take[s] Source's word for it" that the issue has been corrected. *Id.* at 44:25–45:12.[2] Taken together, the evidence does not establish that defendants had a reasonably adapted system in place to ensure that their collection letters complied with the FDCPA's requirement of identifying the debt's current owner.

 I now turn to whether plaintiff has established, based on undisputed evidence, that the letter he received was deceptive or misleading for failing to indicate that

---

**2.** The witness later tried to retreat from this testimony, stating in a declaration that Resur-

the debt in question was time-barred. "[I]n deciding whether ... a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1019 (7th Cir. 2014) (original alterations and ellipses). In *McMahon,* the Seventh Circuit held that a letter that misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable violates the FDCPA, regardless of whether the letter threatens litigation. *Id.* at 1020. The court explained that "[w]hether a debt is legally enforceable is a central fact about the character and legal status of that debt," and held that letters seeking to collect time-barred debts while giving no "hint that the debts ... were vulnerable to an ironclad limitations defense" "misrepresented the legal status of the debt, in violation of the FDCPA." *Id.* at 1021.

Defendants insist that plaintiff reads too much into *McMahon,* since the two cases the Seventh Circuit addressed in that decision were at the pleadings stage. In defendants' view, *McMahon* held merely that an unsophisticated consumer *could* be misled by a dunning letter that fails to disclose that the debt is time barred, and affirmed that a plaintiff is entitled to present extrinsic evidence to establish that the letter he or she received was in fact misleading. I decline to read *McMahon* so narrowly. Instead, I concur with the analysis of my colleagues in *Pantoja v. Portfolio Recovery Associates,* LLC, 78 F.Supp.3d 743 (N.D. Ill. 2015), and *Slick v. Portfolio Recovery Associates,* 111 F.Supp.3d 900 (N.D. Ill. 2015), both of whom concluded in similar circumstances that extrinsic evidence was unnecessary.

In *Pantoja,* Judge Gettleman relied on *McMahon* to hold that external evidence was unnecessary to prove that a dunning letter offering to "settle" a time-barred debt without disclosing that the debt was no longer actionable was deceptive. *Pantoja,* 78 F.Supp.3d at 746. He concluded that the letter was deceptive on its face, explaining that it failed to disclose not only that the debt was time-barred, but also that any payment by the debtor would revive the statute of limitation. *Id.* Indeed, *McMahon* explained that because "a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount," a dunning letter that fails to alert the debtor that the debt is time-barred is misleading. *McMahon,* 744 F.3d 1010, 1021.

In *Slick,* Judge Durkin similarly concluded that extrinsic evidence was unnecessary under *McMahon* to prove that a letter seeking to collect a time-barred debt that failed to disclose the debt's age or legal status would mislead an unsophisticated consumer. 111 F.Supp.3d at 905–06. He acknowledged that *McMahon* expressly declined to hold that "it is automatically improper for a debt collector to seek repayment of time-barred debts; some people might consider full debt repayment a moral obligation, even though the debt has been extinguished." 744 F.3d at 1020. Judge Durkin nevertheless held that a dunning letter that was "completely silent" about the legal status of a time-barred was facially misleading, considering it "farfetched to suppose that unsophisticated consumers assume that debt-collection agencies asking for payment are really just appealing to the consumers' sense of

gent "follows-up with the servicer to ensure the servicer rectified their (sic) problem," but that statement is entitled to no consideration because it directly contradicts her earlier

statement. *See, e.g., Russell v. Acme–Evans,* 51 F.3d 64, 67 (7th Cir. 1995) (deponent cannot "patch up" deposition testimony with a later-filed affidavit).

moral duty." *Slick*, 111 F.Supp.3d at 904. I agree, and defendants offer no persuasive grounds on which to distinguish either *Slick* or *Pantoja.*

For the foregoing reasons, I conclude that no extrinsic evidence is required to establish that the letter plaintiff received violated the FDCPA. Accordingly, I need not reach defendant's *Daubert* motion seeking to exclude the report and testimony of plaintiff's expert, who opines that reasonable consumers would indeed find the letter misleading. I note, however, that in view of the Federal Trade Commission's reliance on the challenged report in drafting its own report on the issue, and the Seventh Circuit's reliance, in turn, on the FTC's "empirical research and expertise" on the subject in *McMahon*, I am skeptical of defendants' argument that plaintiff's expert report cannot appropriately be considered under Fed. R. Civ. P. 702.